# Richmond

WILLIAM R. HOLZ v. COATES MOTOR COMPANY, INC., ET AL.

March 7, 1966.

Record No. 6091.

Present, Eggleston, C. J., and Spratley, Buchanan, I'Anson, Carrico and Gordon, JJ.

*Robert B. Kendall* and *Herman A. Sacks (Sacks, Sacks & Kendall,* on brief), for the plaintiff in error.

*Edwin C. Kellam (Kellam & Kellam,* on brief), for defendant in error, Coates Motor Company.

*Spencer Gill (Rixey & Rixey,* on brief), for defendant in error, Chrysler Corporation.

I'ANSON, J., delivered the opinion of the court.

William R. Holz, plaintiff herein, brought this action at law on

November 19, 1962, against the defendants, Coates Motor Company, Inc., hereinafter referred to as Coates, and Chrysler Corporation, hereinafter referred to as Chrysler, to recover damages for the breach of express and implied warranties growing out of his purchase of a Chrysler Crown Imperial automobile.

A jury trial resulted in a verdict for Coates and for the plaintiff against the other defendant, Chrysler, for the sum of $5,319. The trial court entered judgment on the jury's verdict for Coates but set aside the verdict against Chrysler and entered judgment in its favor on the ground that plaintiff had failed to prove the damages alleged to have been sustained. We granted plaintiff a writ of error.

The controlling question involved on this appeal is whether plaintiff proved his alleged damages.

On January 23, 1960, plaintiff signed a written order to purchase from Coates, an automobile dealer at Virginia Beach, Virginia, a new 1960 Crown Imperial automobile manufactured by Chrysler. The list price of the car was $7,094.50, and Coates accepted from plaintiff a 1958 Chrysler Imperial automobile on which $3,394.55 was allowed as a part of the purchase price. Plaintiff financed the balance through a finance company at a cost of $969.96, and the car was delivered to him on January 27, 1960.

Before purchasing the automobile plaintiff received letters, a brochure and other literature from Chrysler describing the high quality and performance of its Crown Imperial automobile. On the reverse side of the purchase order executed by plaintiff there were printed certain reservations of rights by Chrysler and the standard manufacturer's warranty, which warranted the motor vehicle to be free from defects in material and workmanship under normal use and service and agreed to make good any part or parts thereof, including all equipment or trade accessories (except tires) supplied by it, which proved to be defective within ninety days after delivery of said automobile to the original purchaser or before such vehicle had been driven four thousand miles, whichever event shall first occur.

There was also evidence that Coates, through its agents, expressly warranted the automobile to be in perfect condition and they referred to the brochure furnished by Chrysler to point out the superior features of that type of car.

Shortly after delivery of the automobile, plaintiff complained that the engine was noisy; that the car did not steer properly; that it did

not ride smoothly; and that certain specific items did not function properly. During the period of one year from the date of delivery, the car was in Coates' garage nearly half of the time for the purpose of correcting defects. Finally Chrysler, at the request of both plaintiff and Coates, sent its mechanics to Virginia Beach to work on it.

Plaintiff was not content with the results obtained by Chrysler's mechanics, and thereafter Coates told him that it could not or would not do anything further to satisfy his complaints. Plaintiff then, in February 1961, after having driven the car between 8,000 and 9,000 miles, tendered it to Coates and requested a refund of the purchase price, contending that the automobile was not as warranted and was of no use to him. Coates refused to accept the car and plaintiff drove it home and parked it in his driveway, where it presumably has remained ever since. There was no provision in the executed contract of sale allowing plaintiff to return the car and to obtain a refund of the purchase price in the event it did not prove satisfactory.

Plaintiff introduced no evidence to show the difference in the value of the car with the defects warranted against and its value without the defects, but he argues that he was entitled to recover the amount of the purchase price and financing costs because the car was no good to him.

Ordinarily, where there is a breach of warranty in the sale of personal property, the buyer has a choice of remedies. He may (1) rescind the contract and return the goods, or offer to return them, to the seller and demand his money back, or (2) keep the goods and seek money damages against the seller for breach of warranty. 16 Mich. Jur., Sales § 97, p. 286; 78 C. J. S., Sales, § 486, pp. 154, 155.

Here plaintiff had the choice of instituting an action to recover the purchase money paid based on his rescission of the contract of sale by his offer to return the automobile to the seller; or to pursue a remedy to recover money damages against the seller for breach of warranty under the contract of sale. The two remedies are inconsistent and mutually exclusive. 78 C. J. S., Sales, § 486, pp. 154, 155.

Plaintiff elected to bring this action at law to recover damages for breach of express and implied warranties and the case was tried in the court below in that posture.

The rule is well established that the measure of damages for breach of warranty on a sale of personalty is the difference between the value of the article sold with the defect warranted against and the

value it would have borne without the defect. *Eastern Ice Company v. King,* 86 Va. 97, 103, 9 S. E. 506, 508; *Jacot v. Grossmann Seed Co.,* 115 Va. 90, 98, 107, 78 S. E. 646, 647, 650; *White Sewing Machine Co. v. Gilmore Furniture Co.,* 128 Va. 630, 649, 105 S. E. 134, 140; *Smith v. Hensley,* 202 Va. 700, 705, 119 S. E. 2d 332, 335; 16 Mich. Jur., Sales, § 101, pp. 292-293; 46 Am. Jur., Sales, §§ 737, 738, pp. 863-865; 78 C. J. S., Sales, § 552, p. 250.

Plaintiff recognized the above principle when he requested and the trial court granted an instruction telling the jury that his measure of damages was the difference in value between the automobile "he intended to buy and the value of the automobile he received."

The burden was on the plaintiff to prove his damages with reasonable certainty, but proof of absolute certainty is not required when the facts and circumstances proven are such as to permit an intelligent and probable estimate of the amount of the damages or loss sustained. *Greenland Corp. v. Allied, Etc., Co.,* 184 Va. 588, 600, 601, 35 S. E. 2d 801, 807, 164 A.L.R. 1312; *Gertler v. Bowling,* 202 Va. 213, 215, 116 S. E. 2d 268, 270. However, when the amount of damages is left to conjecture or speculation, there can be no recovery therefor. *Gunnell v. Teer Company,* 205 Va. 28, 35, 135 S. E. 2d 104, 109.

*Gertler v. Bowling, supra,* relied on by plaintiff as controlling on the question of proof of damages, is distinguishable from the facts here. There the facts and circumstances proven were such as to permit an intelligent and probable estimate of the loss sustained. The automobile had been used very little and was inoperable when it was towed to seller's garage, and was in its care when it was stripped by unknown parties.

The proof here fails to establish the difference in the value of the Crown Imperial automobile free from material defects and the value of the automobile delivered to plaintiff with the alleged defects. The sale price may be taken as the value of the car without the defective parts, but there was no evidence to establish the value of the allegedly defective automobile. It was not contended that the automobile did not run, or that any essential part of the car continuously failed to function. Plaintiff's chief complaints were directed to the noise of the engine and other parts of the car, improper steering, and its riding qualities. Plaintiff's statement that the automobile was worthless to him does not establish the fact that it had no value. Obviously

the automobile had some value, since it had been driven between 8,000 and 9,000 miles during a period of twelve months.

The jury's verdict awarding damages against Chrysler was purely speculative. There was no evidence to establish the difference between the value of the car with the defects warranted against and its value without the defects. Hence there was nothing before the jury to permit it to form an intelligent and probable estimate of the loss sustained. Plaintiff failed to prove the amount of his damages against either defendant and the trial court was correct in setting aside the verdict against Chrysler and entering judgment in its favor and in entering judgment for Coates on the jury's verdict.

Accordingly, the judgment of the court below is

*Affirmed.*