## WHARTON, ALDHIZER & WEAVER

### V.

## SAVIN CORPORATION

Record No. 831526

November 26, 1986

Present: All the Justices

*Carter R. Allen (Allen, Dalton & Watkins*, on briefs), for appellant.

*Lewis T. Stoneburner (E. Olen Culler; Press, Fenderson, Culler, Jones, Waechter & Stoneburner, P.C.,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal from a judgment for a manufacturer in a breach of warranty action, the dispositive question is whether the purchaser of the goods proved damages for the alleged breach.

The plaintiff, Wharton, Aldhizer & Weaver (Wharton), a partnership engaged in the practice of law, sued Savin Corporation (Savin) and Business Products, Inc. (Business Products), to recover damages for alleged breaches of warranty. In a bench trial, the trial court awarded Wharton a judgment against Business Products in the amount of $8,335,[1] but dismissed the suit against Savin, finding that the evidence failed to establish that Savin breached any alleged warranties. Wharton appeals the trial court's judgment in favor of Savin.

In November 1981 Wharton purchased from Business Products a paper copier manufactured by Savin. At the time of purchase, Wharton entered into a standard copier maintenance agreement with Business Products.

As part of its marketing campaign, Savin furnished a "guarantee" set forth in certain promotional literature prepared by Savin. The "guarantee" stated that Savin "will maintain new Savin Plain Paper Copiers in working order for a period of 8 years, provided they are continuously covered by our standard copier maintenance agreement."

The copier proved to be unsatisfactory and was replaced by a second copier in December 1981. The second copier's performance record was no better. During a period of approximately nine months, the two copiers required maintenance service on 39 separate occasions. The numerous problems included "jamming," "skewing," making "dirty" copies, and making "light" copies. Indeed, the evidence established that the copier malfunctioned nearly every time it was needed for extended use.

---

[1] According to the trial court's memorandum opinion, this amount represents the purchase price of the copier, $11,845, less a credit of $3,510 for Wharton's nine months' use of the copier, valued at $390.00 per month. Business Products has not appealed this judgment.

The only evidence about the value of the defective copier was the testimony of two of Wharton's partners. When counsel asked one of the partners about the copier's value, he responded: "I guess I could graphically describe it this way. If the defendants offered it to us for fifty dollars, I would not want it. It has no value to our firm." Another partner, in answer to a similar question, stated, "[t]hat machine has absolutely no value to our firm or to me individually."

Savin contends on appeal, as it did at trial, that Wharton (1) failed to prove that Savin breached any warranty, and (2) failed to prove damages. Because our view of the damage issue is dispositive, we will not address the breach of warranty issue.

■ Under the Uniform Commercial Code, "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Code § 8.2-714(2). This formula was essentially the measure of damages for breach of warranty before the adoption of the Uniform Commercial Code. *Holz* v. *Motor Company*, 206 Va. 894, 896-97, 147 S.E.2d 152, 155 (1966); *Smith* v. *Hensley*, 202 Va. 700, 705, 119 S.E.2d 332, 335 (1961); *Jacot* v. *Grossmann Seed Co.*, 115 Va. 90, 98, 107, 78 S.E. 646, 647, 650 (1913); *Eastern Ice Co.* v. *King*, 86 Va. 97, 103, 9 S.E. 506, 508 (1889).

■ Thus, in proving damages for breach of warranty of goods that can be bought and sold on the open market, a party must present evidence of the *fair market value*[2] "at the time and place of acceptance" of the "goods accepted" and of what they would have had "if they had been as warranted."[3] The difference in these two valuations is the measure of damages.

*Holz*, in which we considered the standard of proof for damages in breach of warranty cases, is virtually indistinguishable from the present case. In *Holz*, the plaintiff purchased through a dealer a new automobile manufactured by Chrysler Corporation. The plaintiff had many problems with the automobile, and it was in

---

[2] Fair market value is the price the goods would bring if they were offered for sale by one who desires, but is not obliged to sell, and were bought by one who desires, but is under no necessity of having them. *See Fruit Growers* v. *Alexandria*, 216 Va. 602, 606, 221 S.E.2d 157, 160 (1976).

[3] The purchase price is not necessarily the fair market value the goods would have had "if they had been as warranted," but it may be persuasive evidence thereof.

the dealer's garage for repairs "nearly half of the time" during a period of one year from the date of its delivery. During that time, however, the plaintiff had driven the automobile between 8,000 and 9,000 miles. The trial court set aside a jury verdict in favor of the plaintiff on the ground that the plaintiff had failed to prove damages, and we affirmed. In *Holz*, we said:

> The proof here fails to establish the difference in the value of the Crown Imperial automobile free from material defects and the value of the automobile delivered to plaintiff with the alleged defects. The sale price may be taken as the value of the car without the defective parts, but there was no evidence to establish the value of the allegedly defective automobile. It was not contended that the automobile did not run, or that any essential part of the car continuously failed to function. Plaintiff's chief complaints were directed to the noise of the engine and other parts of the car, improper steering, and its riding qualities. *Plaintiff's statement that the automobile was worthless to him does not establish the fact that it had no value.* Obviously the automobile had some value, since it had been driven between 8,000 and 9,000 miles during a period of twelve months.

206 Va. at 897-98, 147 S.E.2d at 155 (emphasis added). *Accord Twin Lakes Mfg. Co.* v. *Coffey*, 222 Va. 467, 473-75, 281 S.E.2d 864, 867-68 (1981) (a plaintiff's testimony that defective goods are valueless *to him*, without more, is insufficient to establish that the goods have no value; however, expert testimony that a mobile home was valueless is sufficient evidence to support such a finding).

In the present case, Wharton totally failed to prove the value of the copier as accepted. The statements by two of Wharton's partners that the copier had no value to them or their firm "does not establish the fact that it had no value." *Holz*, 206 Va. at 897, 147 S.E.2d at 155. Because no probative evidence of the defective copier's value was introduced, Wharton, as a matter of law, failed to prove any damages for breach of warranty as required by Code § 8.2-714(2).

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*