## CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Riders
Courier Service, Inc., etc.

v.

Dreelin Cellular Systems, Inc.

July 19, 1990

By JUDGE MELVIN R. HUGHES, JR.

On July 9, 1990, the jury returned a verdict in favor of the plaintiff in this breach of warranty case involving the sale of goods. Plaintiff claimed damages for breach of implied warranty of merchantability, breach of warranty for particular purpose and fraud. At the end of plaintiff's case-in-chief, the Court struck plaintiff's fraud claim and the case proceeded and went to the jury on the breach of warranty counts. According to the verdict form, the jury awarded plaintiff damages "in the full amount asked for by plaintiff." While the Court would be prepared to enter judgment in the amount of plaintiff's obligation under the lease shown by the documents and testimony in evidence in the case, on considering the defendant's post verdict motion to set aside and defendant's motions to strike held under advisement during the case, the Court decides to grant the motion and enter judgment for the defendant for failure of plaintiff to properly prove damages applicable to warranty cases.

The only damages adduced by plaintiff's evidence is the $14,514.81 plaintiff is obligated to pay under a lease purchase agreement entered into to finance the purchase of the six cellular telephones purchased from defendant. According to *Wharton, Aldhizer & Weaver v. Savin Corp.*, 232 Va. 375 (1986), a case cited by defendant in support of its motions, the measure of damages for

breach of warranty of goods sold is the difference between the goods as warranted and the goods as accepted, according to § 8.2-714(2), Code of Virginia of 1950, as amended which reads as follows:

> Section 8.2-714. *Buyer's damages for breach in regard to accepted goods* . . . .
> (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

Plaintiff's reliance on § 8.2-714(1) that its evidence of damage complies with this standard is misplaced. That section states:

> Section 8.2-714. *Buyer's damages for breach in regard to accepted goods* . . . .
> (1) Where the buyer has accepted goods and given notification (subsection (3) of Section 8.2-607) he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.

The difference between the two and the basis for *Wharton* is that § 8.2-714(2) expressly applies to "damages for breach of warranty." According to *Wharton* at p. 377:

> in proving damages for breach of warranty of goods that can be bought and sold on the open market, a party must present evidence of the fair market value "at the time and place of acceptance" of the "goods accepted" and of what they would "have had if they had been as warranted." The difference in these valuations is the measure of damages.

Section 8.2-714(1), on the other hand, applies to damages due for accepted goods for nonconformity of tender. Recovery under this subsection for nonwarranty damages is by way of cover price under § 8.2-712 or market price under Section 8.2-713 and in the proper case consequential or incidental damages under § 8.2-714(3). Cover price and market price both are based on a differential between those prices and the contract price. There is nothing here on which to measure any differential under any applicable standard because there is no evidence plaintiff got (1) substitution goods for "cover," (2) established a market price value for the goods received or (3) established values for the goods received or as warranted. All plaintiff did was to say the goods are worth nothing and damages is the amount it is required to pay under the lease contract. Both subsections do not together apply to warranty cases, only subsection (2) does by the language of that subsection.

Plaintiff's alternative contention that the value of the phones is zero and the difference between that and the lease obligation is also without merit because just plaintiff saying the goods are of no value is not enough. *Holz v. Motor Company*, 206 Va. 894, 896-897 (1966). Indeed, the evidence showed the phones worked some of the time and at other times did not. There is no evidence of the value of the phones defective as they were. This same contention was made in *Wharton* and the Court relying on *Holz*, rejected it. *Wharton, supra* at p. 378. More, the evidence is lacking under this approach because there is no evidence of the market price of the goods.

Because plaintiff failed to present any evidence on the proper measure of damages under applicable law for breach of warranty, the verdict of the jury is set aside and judgment is entered for the defendant.