In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2497

Paul Priebe,

Plaintiff-Appellant,

v.

Autobarn, Limited,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 3689--James B. Moran, Judge.

Argued December 6, 2000--Decided February 14, 2001

Before Bauer, Posner, and Williams, Circuit Judges.

Bauer, Circuit Judge.  Paul Priebe ("Priebe)
bought a 1988 Acura from The Autobarn, Limited
("Autobarn"). While Autobarn offered no warranty,
it told Priebe that the car had been inspected
and had not been involved in any prior accidents.
Through Autobarn, Priebe bought a service plan
administered by Automobile Protection Corporation
("APCO"), an unaffiliated company. Roughly a
month later, Priebe crashed the Acura and claimed
that it had previous damage which made it
dangerous to drive. Priebe sued Autobarn under
both state and federal law, centering his claims
around statutory and common law violations of
warranty and commission of fraud. The district
court granted summary judgment in favor of
Autobarn as to all claims. We affirm the district
court's decision.

I.  Background

On November 11, 1995, Priebe traded his 1993
Jeep Wrangler worth $12,595 to Autobarn for a
1988 Acura Legend worth $8,185 plus the excess of
the Jeep's value. Priebe wanted a car of lesser
value to drive in the city of Chicago. Before
purchasing the Acura, Priebe test-drove the
vehicle and determined that it drove well.
Priebe reviewed the sales contract before he
bought the vehicle. He was generally familiar
with contracts because he worked as a portfolio
manager in Citibank's consumer lending division
reviewing contracts. Priebe read the disclaimer
of warranties, the conditions of sale and the

Federal Used Car Buyers' Guide, all of which informed Priebe that Autobarn did not offer a warranty on the Acura. Priebe admits that he knew Autobarn sold him the car "as is--in the as is condition with no special warranties attached from the dealership."

The same day Priebe purchased the Acura, he entered into an Easy Care Vehicle Service Contract ("Easy Care Service Contract" or "service contract"). The service contract was offered and administered by APCO, and sold through Autobarn. Priebe knew that Autobarn bore no responsibility under the service contract. He discussed the service contract coverage and signed a statement to that effect. Priebe knew that the Easy Care Service Contract did not cover previous damage to the Acura. Autobarn was to deduct the service contract fee from the amount it owed Priebe on the Jeep, however, due to an oversight, Autobarn neglected to do so.

Roughly one month after he purchased the Acura, Priebe crashed the car. Priebe had the car towed to Gerber Auto Rebuilders ("Gerber") for repairs. Several days into the repairs, Gerber called Priebe claiming to have found damage to the Acura caused by an accident previous to Priebe's. Priebe believed that this damage made the car dangerous to drive. As Priebe admitted in his deposition, he could not prove that Autobarn knew about the prior damage. Gerber repaired all the damage to the car and Priebe's auto insurer Allstate paid the entire bill, minus the $500 deductible.

After the accident, Priebe attempted to revoke the sales contract and cancelled the service contract for which he had not been charged. Priebe continued to drive the Acura. At the time of trial in October 1998, he had driven the Acura in excess of 30,000 miles.

Priebe sued Autobarn claiming that: (1) Autobarn breached the Easy Care Service Contract which also violated the Magnuson-Moss Act; (2) Autobarn breached an implied warranty under 810 ILCS 5/2-314 which also violated the Magnuson-Moss Act; (3) Priebe validly revoked acceptance; (4) Autobarn violated the Illinois Consumer Fraud and Deceptive Business Practices Act; (5) Autobarn committed common law fraud; and (6) Autobarn violated the federal odometer statute. The district court granted Autobarn's motion for summary judgment as to all counts. Priebe then sought relief under Fed. R. Civ. P. 59(e), which the court refused to grant. Priebe now appeals all claims except the federal odometer cause of action, arguing that the district court granted summary judgment in error because genuine issues

of material fact exist as to the remaining five claims.

## II. Discussion

Despite the absence of the federal odometer claim, which, if frivolous, would not have supported federal jurisdiction, Priebe's claims create federal jurisdiction. Priebe's breach of contract and breach of warranty claims meet the Magnuson-Moss Act's requirements for federal jurisdiction. Priebe's other claims qualify for supplemental jurisdiction under 28 U.S.C. sec. 1367. We have the authority to hear this case under 28 U.S.C. sec. 1291. We review the district court's grant of summary judgment de novo and construe all facts in favor of Priebe. See Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 603 (7th Cir. 2000).

### A. Breach of Contract Claim

Priebe argues that Autobarn breached the Easy Care Service Contract because the sales person failed to disclose that the Acura had been in a prior accident and knew that the Easy Care Service Contract would not cover the existing damage. Under Illinois law, "[t]o state a cause of action for breach of contract a plaintiff must show: (1) the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to plaintiff." Hickox v. Bell, 195 Ill. App. 3d 976, 992, 552 N.E.2d 1133, 1143 (5th Dist. 1990) (citations omitted).

Priebe's argument does not constitute a breach of contract claim. Initially, it is unclear under what theory Priebe believes Autobarn is a party to the Easy Care Service Contract. Pushing this concern aside, we rest our decision on the breach element. Priebe never invoked the Easy Care Service Contract. He never submitted any claim for the Acura to APCO; rather he sent it to Allstate. Priebe cancelled the Easy Care Service Contract and despite evidence that Priebe did not pay for the contract, he received a pro-rated refund. Given these facts, Priebe fails to prove that Autobarn breached the service agreement.

Priebe's Magnuson-Moss Act claim also fails. The portion of the Act under which Priebe sues does not provide an independent basis for liability; it only provides for federal jurisdiction for some state claims, including this breach of contract claim. See 15 U.S.C. sec. 2310(d); see, e.g., Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 956 (7th Cir. 1998). Because Priebe's

underlying breach of contract claim fails, his
Magnuson-Moss Act claim cannot succeed.


  B.  Breach of Implied Warranty Claim

  Priebe next claims that Autobarn breached the
warranty of merchantability implied by Illinois
law on the Acura. See 810 ILCS 5/2-314. In
response to Autobarn's argument that it validly
disclaimed the warranty, Priebe counters that the
Act prevented Autobarn from making a valid
disclaimer. Due to Priebe's admission that
Autobarn sold the car "as is," the disclaimer
stands unless it is disallowed by the Act. The
Act prohibits a supplier from disclaiming an
implied warranty regarding a consumer product
when "at the time of sale, or within 90 days
thereafter, such supplier enters into a service
contract with the consumer which applies to such
consumer product." 15 U.S.C. sec. 2308(a). The
Act defines a service contract as "a contract in
writing to perform . . . services relating to the
maintenance or repair (or both) of a consumer
product." 15 U.S.C. sec. 2301(8).

  As the district court correctly reasoned, the
service contract cannot be construed as creating
a warranty of merchantability because the service
contract bound APCO, not Autobarn, to repair the
Acura. Priebe has not articulated how Autobarn is
a party to the contract. Therefore, we conclude
that the service contract with APCO is not
sufficient to prevent Autobarn from disclaiming
implied warranties.

  Further, the district court is correct that
even if the implied warranty of merchantability
was in force, Autobarn did not breach it. The
Acura was fit to serve the purpose for which
Priebe bought it. Although Priebe maintains that
he "lost faith" in the Acura and believed it was
"dangerous to drive," his actions belie these
vague claims. Priebe continued to drive the car;
indeed, at the time of trial, Priebe had driven
the Acura more than 30,000 miles. Priebe's claim
for breach of warranty fails.


  C.  Revocation of Acceptance

  Next, Priebe claims that he validly revoked his
acceptance of the Acura. To be entitled to revoke
acceptance, the plaintiff must prove that: (1)
there was a breach of an implied warranty of
merchantibility; (2) the defect in the product
substantially impaired the product's value to
him; (3) the plaintiff reasonably thought the
defect could be cured; and (4) it has not been
cured. See Collum v. Fred Tuch Buick, 6 Ill. App.

3d 317, 321, 285 N.E.2d 532, 535 (1st Dist. 1972).

For the reasons stated above, Priebe fails to create a material issue of fact as to whether Autobarn breached a warranty. Priebe protests that breach of a warranty of merchantability is not a necessary element in valid revocation of acceptance, and claims that he may revoke his acceptance if the "nonconformity of the goods substantially impairs their value to the buyer." Blankenship v. Northtown Ford, Inc., 95 Ill. App. 3d 303, 306, 420 N.E.2d 167, 170 (4th Dist. 1981). Priebe, however did not create a material issue of fact as to whether the value of the Acura was substantially impaired. Priebe argues that the Acura was in a pre-purchase crash that made it dangerous to drive and that he lost faith in the car. Accepting these facts as true does not prove substantial impairment of value. Priebe had the damage fixed under his insurance policy and continued to drive the car. Given Priebe's subsequent use of the Acura, he cannot claim that its value was substantially impaired.

D. Illinois Consumer Fraud and Deceptive Business Practices Act Claim

Priebe contends that Autobarn violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 et seq., because it misrepresented the Acura's prior crash history and the mileage on the vehicle at the time of sale, and failed to disclose that the Easy Care Service Contract would not cover pre-existing damage. We address only Priebe's first theory as the others are without merit. To state a claim, Priebe must show that: (1) Autobarn engaged in a deceptive practice; (2) Autobarn intended Priebe to rely on the deception; and (3) the deception took place in the course of conducting trade or commerce. See Zekman v. Direct American Marketers, Inc., 182 Ill.2d. 359, 373, 695 N.E.2d 853, 860 (Ill. 1998). When a private party brings an ICFA claim, it must additionally prove that the defendant's deception resulted in damages. See 815 ILCS 505/10a(a) ("Any person who suffers actual damages as a result of a violation of this Act committed by any other person may bring an action against such person."); Dwyer v. American Express Co., 273 Ill. App. 3d 742, 750, 652 N.E.2d 1351, 1357 (1st Dist. 1995); Duran v. Leslie Oldsmobile, Inc., 229 Ill. App. 3d 1032, 1039-40, 594 N.E.2d 1355, 1361-62 (2d Dist. 1992).

The district court reasoned that Priebe's ICFA claim failed because Autobarn did not knowingly fail to inform Priebe that the vehicle had been

in a prior accident. Priebe protests that the district court's rationale is flawed, and we agree. In reaching its conclusion, the district court erroneously applied an exception to the ICFA created by the Illinois legislature exclusively for sellers of real estate. See 815 ILCS 505/10b(4); Totz v. Continental DuPage Acura, 236 Ill. App. 3d 891, 902, 602 N.E.2d 1374, 1381 (2d Dist. 1992) ("section 10(b) [of the ICFA] mentions certain exceptions to the applicability of the Act but does not exempt used car dealers from any of the Act's requirements."). In most cases under the ICFA, including this one, the seller's knowledge or ignorance about the falsity of its representations is irrelevant. See Breckenridge v. Cambridge Homes, Inc., 246 Ill. App. 3d 810, 823, 616 N.E.2d 615, 623 (2d Dist. 1993).

Priebe has failed to show a material issue of fact as to damages. The ICFA creates both public and private claims. To state a private cause of action, the plaintiff must show that the defendant's deception has caused his damages. See 815 ILCS 505/10a(a) (1999); Duran, 229 Ill. App. 3d at 1039-40, 594 N.E.2d at 1361-62 (2d Dist. 1992) (stating that damages are a required element of a private claim and distinguishing Greenburg v. United Airlines, 206 Ill. App. 3d 40, 45-46, 563 N.E.2d 1031, 1036 (1st Dist. 1990), which held that damages are not an element of a public claim). Illinois courts have found that private parties failed to state an ICFA claim when they failed to show that they suffered damages, see Dwyer, 273 Ill. App. 3d at 750, 652 N.E.2d at 1357 (finding that plaintiffs failed to state a claim under the ICFA when they failed to allege how they were damaged by defendant's practice of selling customers' addresses to other companies), or failed to prove that the defendant's deception caused their damages, see Duran, 229 Ill. App. 3d at 1039-40, 594 N.E.2d at 1361-62 (finding that plaintiff failed to state an ICFA claim when the damages did not stem from the deception proved).

Priebe does not address the issue of damages in his brief. In his amended complaint, Priebe's mention of damages is exceedingly vague and cursory. He claims: (1) "damages" consisting of cost of cover, insurance fees, loss of use, amounts paid, cancellation of the installment contract and incidental and consequential damages with no estimates of the value of each; (2) "punitive damages"; and (3) costs and attorney's fees. Nowhere does he explain how Autobarn's deception resulted in these undefined damages. We cannot infer Autobarn's fault as these damages could have been caused by Priebe's accident. Further, the facts of the case belie the idea

that Priebe suffered any damage. Priebe's insurance covered the cost of repairing the prior accident damage and the car was restored such that Priebe continued to drive it. In the absence of proof of damages and an explanation connecting Autobarn's deception to Priebe's undefined losses, we hold that Autobarn is entitled to summary judgment on the ICFA claim.

### E. Common Law Fraud Claim

To support his claim for common law fraud, in contrast to an ICFA claim, Priebe must produce some evidence that Autobarn knew it lied to Priebe when it represented that the Acura had never been in an accident. See Cramer v. Ins. Exchange Agency, 174 Ill.2d 513, 529, 675 N.E.2d 897, 905 (Ill. 1996) (citation omitted). As the district court found, Priebe has failed to bring any evidence showing that Autobarn knew that the Acura had been in a prior accident. The prior damage to the car was structural. Indeed, it was necessary to dismantle the car to discover the prior damage. At best, Priebe has shown that Autobarn performed an extensive 64-point mechanical check of the car. We cannot infer from this evidence that Autobarn knew of the prior accident. The district court rightly granted summary judgment in favor of Autobarn on this common law fraud claim.

## III. Conclusion

We AFFIRM the decision below.