JOHN DEWAN, Plaintiff-Appellant, v. FORD MOTOR COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 1—04—3020

Opinion filed December 30, 2005.

Aron D. Robinson, of Law Office of Aron D. Robinson, and Stuart Berks, of Deutsch, Levy & Engel, Chtrd., both of Chicago, for appellant.

Stephen R. Swofford and Daniel K. Ryan, both of Hinshaw & Culbertson, LLP, of Chicago, and Brian C. Anderson and David Guhse Caperton, both of O'Melveny & Myers, of Washington, D.C., for appellee.

JUSTICE HALL delivered the opinion of the court:

This is the second appeal stemming from the plaintiff's, John Dewan, suit on behalf of himself and all others similarly situated, against the defendant, Ford Motor Company (Ford), alleging violations of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (Magnuson-Moss) (15 U.S.C. § 2301 *et seq.* (1994)) and the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Act) (815 ILCS 505/1 *et seq.* (West 1998)). Our prior opinion in this case did not reach the merits of the issues raised on appeal. Instead, we determined that, while we had jurisdiction of the appeal, the appeal was premature because the circuit court had not yet ruled on the plaintiff's pending petition for attorney fees. The case was reversed and remanded to the trial court for either a hearing on the petition or a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). *Dewan v. Ford Motor Co.*, 343 Ill. App. 3d 1062, 1075, 799 N.E.2d 391 (2003).[1]

---

[1] A full discussion of the procedural history and jurisdictional issues is contained in our previous opinion in this case. See *Dewan*, 343 Ill. App. 3d 1062.

On remand, the circuit court ordered the plaintiff's petition for attorney fees continued generally and made a finding that there was no reason to delay enforcement or appeal of its orders dismissing the complaint and denying the plaintiff leave to file an amended complaint. The plaintiff timely appeals, raising the following issues: (1) whether the circuit court erred in dismissing the complaint; (2) whether the trial court abused its discretion when it failed to rule on the motion to certify the class prior to ruling on the motion to dismiss; and (3) whether the denial of the plaintiff's motion for leave to file an amended complaint was an abuse of discretion.

The complaint alleged as follows. The plaintiff purchased a new Lincoln Continental automobile from Ford. After hearing a rattling sound in his new car, he returned the car to the dealership to be repaired. The dealership was unable to repair his car, and a second dealership was equally unsuccessful. Ford denied the plaintiff's request to replace the car. As a result of the defect, the car was worth less than the plaintiff paid for it. Had the plaintiff known of the defect, he would not have purchased the car.

After removing the case to federal court, Ford answered the complaint. Subsequently, the case was remanded to the circuit court of Cook County. The plaintiff filed his motion for class certification. Thereafter, Ford sought leave to file its motion to dismiss the complaint pursuant to section 2—619(a)(9) of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619(a)(9) (West 1998) (claim barred by other affirmative matter)) and to defer consideration of the plaintiff's motion for class certification. The circuit court granted Ford leave to file its motion to dismiss and continued generally the motion for class certification.

At the hearing on its motion to dismiss, Ford maintained that its replacement of the defective sensors mooted the complaint. The circuit court granted Ford's motion to dismiss, but indicated that it would consider an amended complaint. On March 23, 2000, the plaintiff filed a motion for leave to file an amended complaint.

On July 6, 2000, a hearing was held on the plaintiff's motion for leave to file an amended complaint. Ford argued that even though the plaintiff's amended complaint included two new factual allegations, the diminished value of his car and that Ford had failed to replace the front height sensors on his car, and two new legal counts, breach of promise to repair and injunctive relief, these allegations and theories had previously been raised and dealt with in the hearing on Ford's motion to dismiss. Ford also argued that the plaintiff could not now seek injunctive relief because he sought only legal remedies in his original complaint.

In response, the plaintiff argued that Ford was still in breach of its warranty because it had not replaced all of the defective sensors, even though the front sensors had not yet caused a problem. The plaintiff had pleaded damages because Ford had sold him a car with defects, making the car not worth its purchase price. The plaintiff sought injunctive relief to force Ford to inform other purchasers of the defective sensors so that they could be replaced prior to the expiration of the warranty period. The circuit court denied the plaintiff leave to file an amended complaint.

## ANALYSIS

### Dismissal of Complaint

### I. Standard of Review

■ Motions to dismiss under section 2—619 of the Code are reviewed *de novo. Owens v. McDermott, Will & Emery*, 316 Ill. App. 3d 340, 344, 736 N.E.2d 145 (2000).

### II. Applicable Principles

■ Ford's motion to dismiss was brought pursuant to section 2—619(a)(9), which provides that a complaint may be dismissed when it is barred by an affirmative matter avoiding the legal effect of or defeating the claim. *Giles v. General Motors Corp.*, 344 Ill. App. 3d 1191, 1194, 802 N.E.2d 858 (2003); 735 ILCS 5/2—619(a)(9) (West 1998). A section 2—619(a)(9) motion assumes a cause of action has been stated but asserts that the claim is defeated by some affirmative matter that avoids the legal effect of or defeats the claim. *Cwikla v. Sheir*, 345 Ill. App. 3d 23, 29, 801 N.E.2d 1103 (2003). "An 'affirmative matter' in a section 2—619(a)(9) motion is something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Cwikla*, 345 Ill. App. 3d at 29. An affirmative matter encompasses any defense other than a negation of the essential elements of the plaintiff's cause of action. *Cwikla*, 345 Ill. App. 3d at 30. "If a cause of action is dismissed pursuant to a section 2—619(a)(9) motion, the question on appeal is whether there is a genuine issue of material fact and whether defendant is entitled to judgment as a matter of law." *Cwikla*, 345 Ill. App. 3d at 30. The reviewing court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Cwikla*, 345 Ill. App. 3d at 29.

### III. Discussion

The plaintiff contends, first, that the repair of his vehicle did not

moot his cause of action under the Consumer Act. The complaint alleged that the defect caused the car to be worth less than the plaintiff paid for it and, had the plaintiff known of the defective sensors, he would not have purchased the vehicle or would have paid substantially less for it.

The diminished value of a product due to defects associated with the product is a compensable injury in consumer fraud and breach of warranty causes of action. *Schiffner v. Motorola, Inc.*, 297 Ill. App. 3d 1099, 1108, 697 N.E.2d 868 (1998). The *Schiffner* court noted that in *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 675 N.E.2d 584 (1996), our supreme court reinstated a consumer fraud count where the damage claim was based on diminished value. *Schiffner*, 297 Ill. App. 3d at 1109; *Connick*, 174 Ill. 2d at 501-05. The *Schiffner* court observed that in *Perona v. Volkswagen of America, Inc.*, 292 Ill. App. 3d 59, 684 N.E.2d 859 (1997), while the damage allegations were not addressed, the *Perona* court noted and did not disagree with the plaintiffs' claim that if the problem with the vehicles was eventually remedied, their damages would be the amount of the diminution of the resale value. *Schiffner*, 297 Ill. App. 3d at 1109; *Perona*, 292 Ill. App. 3d at 62-63. The court distinguished *Verb v. Motorola, Inc.*, 284 Ill. App. 3d 460, 672 N.E.2d 1287 (1996), on the basis that in *Verb*, the complaint did not plead sufficient facts showing the diminished value of the product. *Schiffner*, 297 Ill. App. 3d at 1108.

Ford responds that, under Illinois law, where a manufacturer repairs the defect complained of, the plaintiff has suffered no legally cognizable damage, relying on *Kelly v. Sears Roebuck & Co.*, 308 Ill. App. 3d 633, 720 N.E.2d 683 (1999). In *Kelly*, the court found that the plaintiff sufficiently established that Sears had defrauded its customers by selling used batteries as new ones. The plaintiff alleged that, had he been aware of Sears' practice, he would not have purchased the batteries or not paid the price he did for them. However, after filing suit, the plaintiff received a refund from Sears, which he used to purchase a similar battery under the terms of the warranty. The court concluded that "[a]ny injury that plaintiff may have suffered as a result of Sears' fraud was redressed when the warranty provisions were fulfilled and plaintiff's battery was replaced. Thus, plaintiff received exactly what he bargained for in the transaction." *Kelly*, 308 Ill. App. 3d at 645.

*Kelly* is distinguishable. First, the complaint in that case was dismissed for failure to state a cause of action under section 2—615 (735 ILCS 5/2—615 (West 1998)). In the present case, by seeking dismissal pursuant to section 2—619(a)(9), Ford concedes that the complaint stated a cause of action. Secondly, in *Kelly*, the plaintiff al-

leged only that he believed that the battery he purchased was defective and that he was injured by the practice of selling used batteries as new ones. In the present case, the plaintiff alleged that the rear sensors in his car were actually defective. Finally, in the present case, the plaintiff's injury was not limited to Ford putting defective sensors in the car but that, as a result of the defective sensors, the car's value was diminished.

Ford also maintains that the plaintiff's theory that Ford concealed that the sensors were defective lacks merit because the plaintiff failed to adequately plead concealment and that the cases the plaintiff relies on, *Connick*, *Perona* and *Schiffner*, all involved ongoing, life-threatening safety problems. However, by seeking dismissal pursuant to section 2—619(a)(9), Ford conceded that the complaint stated a cause of action for concealment and it may not now attack the sufficiency of the pleadings. Moreover, a cause of action for concealment or omission under the Consumer Act does not require that the defect be a life-threatening one. See *Connick*, 174 Ill. 2d at 500-01.

The plaintiff further contends that the repair did not moot his cause of action for breach of warranty. The plaintiff argues that his damages arose at the time of the breach and that a later repair does not eliminate those damages existing at the time the repair is made.

The plaintiff received a limited warranty from Ford, requiring Ford to "repair, replace or adjust all parts on your vehicle (except tires) that are defective in factory supplied materials or workmanship." Ford maintains that it fulfilled its warranty requirements by replacing the defective sensors.

■ Under section 2304 of Magnuson-Moss (15 U.S.C. §§ 2304(a)(1), (a)(4) (1994)), the warrantor is required to provide for repair within a reasonable time at no charge to the consumer and, if the product or part thereof cannot be repaired after a reasonable number of attempts, the buyer must be given the right to a refund or replacement at no charge. *Pearson v. DaimlerChrysler Corp.*, 349 Ill. App. 3d 688, 693, 813 N.E.2d 230 (2004). Such limited warranties are not governed by Magnuson-Moss but by the Illinois Uniform Commercial Code (UCC) (810 ILCS 5/1—101 *et seq.* (West 1998)). *Pearson*, 349 Ill. App. 3d at 693-94; 810 ILCS 5/2—719(2) (West 1998). "A manufacturer does not have an unlimited time or an unlimited number of attempts to repair an automobile; rather, the limited warranty is breached and/or fails of its essential purpose if successful repairs are not made within a reasonable time or within a reasonable number of attempts." *Pearson*, 349 Ill. App. 3d at 695 (section 2—719(2) subject to reasonableness standard). A breach of the promise to repair cannot occur until the warrantor refuses or fails to repair the defective part if and when it

breaks. See *Cosman v. Ford Motor Co.*, 285 Ill. App. 3d 250, 260, 674 N.E.2d 61 (1996).

The plaintiff alleged that he purchased his car on August 22, 1997. Between August 22, 1997, and November 18, 1998, when the suit in this case was filed, the plaintiff noticed the rattling noise in the car and took the car to the dealership, where an attempt to repair the rattle failed. He took the car to a second dealership, where he was told that a defect in the car existed but a replacement part had not yet been engineered. The plaintiff demanded that Ford replace his car, but Ford refused.

Ford responds that the plaintiff was informed that a replacement part was being developed but was not yet available. In fact, Ford's July 6 and July 20, 1998, service bulletins indicate that a replacement part was available four months prior to the filing of the complaint in this case. Compare *Intrastate Piping & Controls, Inc. v. Robert-James Sales, Inc.*, 315 Ill. App. 3d 248, 733 N.E.2d 718 (2000) (grant of summary judgment to warrantor was proper where the defective pipe was replaced weeks after discovery of the defect, there was no unreasonable delay, and essential purpose of the remedy was fulfilled). However, again, by proceeding under section 2—619(a)(9), Ford has conceded that the plaintiff stated a cause of action for breach of warranty. Ford's replacement of the defective sensor sometime after the plaintiff complained about the rattle in the car is evidence going to the issue of whether its delay was unreasonable. See *Cwikla*, 345 Ill. App. 3d at 31-32.

The measure of damages for breach of warranty is the " 'difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.' " *Razor v. Hyundai Motor America*, 349 Ill. App. 3d 651, 659, 813 N.E.2d 247 (2004), *appeal allowed*, 212 Ill. 2d 553, 824 N.E.2d 291 (2004), quoting 810 ILCS 5/2—714(2) (West 2000). The UCC also provides for incidental and consequential damages in proper cases. *Razor*, 349 Ill. App. 3d at 659; 810 ILCS 5/2—714(3) (West 1998). The special circumstance exception to section 2—714(2) must be read in conjunction with section 1—106 of the UCC (810 ILCS 5/1—106 (West 1998)), which provides that remedies found in the UCC " 'shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed.' [Citation.]" *Razor*, 349 Ill. App. 3d at 659.

The complaint alleged that the defect caused the car to be worth less than the plaintiff paid for it. The fact that the car was repaired does not defeat the plaintiff's claim that the defect caused the

car to be worth less than the plaintiff paid for it. Rather, it is evidence offered to contest an ultimate fact in the case, namely, whether the plaintiff was damaged by the breach of warranty. See *Cwikla*, 345 Ill. App. 3d at 31-32 (admission that plaintiff had same access to records and documents was evidence, not affirmative matter to defeat claim).

Finally, Ford argues that, even if it had refused to repair or been unable to repair the plaintiff's car, the problem with the sensors was too insignificant to warrant a legal remedy. However, the cases Ford relies on, *Verb*, *Holz v. Coates Motor Co.*, 206 Va. 894, 147 S.E.2d 152 (1966), and *Iskander v. Ford Motor Co.*, 59 Ohio App. 2d 325, 394 N.E.2d 1017 (1978), are distinguishable. In *Verb*, the complaint failed to sufficiently allege the diminished value of the product. In *Holz*, the plaintiff failed to offer evidence establishing the diminished value. In *Iskander*, the plaintiff sought to recover for emotional distress, not diminished value. In the present case, whether the plaintiff can prove his allegation of diminished value is not yet at issue in this case.

The diminished value of a car is recoverable as damages under both the Consumer Act and the UCC. In this case, a genuine issue of material fact exists as to whether the plaintiff's car was diminished in value as a result of the defective sensors. As a result, the circuit court erred in granting Ford's section 2—619(a)(9) motion to dismiss.

The order of the circuit court dismissing the complaint is reversed, and the cause is remanded for further proceedings. In light of our determination, we need not address the remaining issues raised by the plaintiff.

Reversed and remanded.

WOLFSON and SOUTH, JJ., concur.