FIRST DIVISION
05/21/07

No. 1-05-2368

| | | |
|---|---|---|
| BERNARD VILLANUEVA and LISA VILLANUEVA, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiffs-Appellants, | ) | of Cook County |
| | ) | |
| v. | ) | No. 05 M1 100349 |
| | ) | |
| TOYOTA MOTOR SALES, U.S.A., INC., and | ) | |
| GROSSINGER CITY AUTOCORP, INC., d/b/a | ) | |
| Grossinger City Toyota, | ) | Honorable |
| | ) | Moira S. Johnson, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

Bernard and Lisa Villanueva, plaintiffs, appeal from the dismissal under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2004)) of their claim that Grossinger City Toyota (Grossinger), defendant, breached its implied warranty of merchantability by failing to honor the extended service agreement they bought when they purchased their 2004 Toyota Sienna van. We reverse and remand.

Plaintiffs purchased the used Sienna from Grossinger on July 6, 2004. They signed a form printed on Grossinger stationery with this disclaimer: "The below named purchaser is agreeing to purchase a vehicle from seller completely AS IS, NO WARRANTIES WHATSOEVER[,] [e]xpress or implied, including the IMPLIED WARRANTY OF MERCHANTABILITY, or the implied warranty of fitness for a particular purchase."

At the same time, plaintiffs purchased a "Toyota Extra Care" extended service agreement. Grossinger was listed as the issuing dealer on the extended service application form and as the

selling dealer on the agreement. The agreement provided: "This agreement is between the Agreement Holder *** and Toyota Motor Insurance Services, Inc. ('TMIS'). It provides for the repair of mechanical components specified in this Agreement. TMIS has the sole and exclusive administrative responsibility for the Agreement." The agreement directed the holder to contact "[y]our selling dealer for all repair work" or, if that was not possible, to contact the plan administrator before proceeding with repairs. The agreement also directed the holder to present the service agreement to "[y]our dealer" when requesting repairs.

Plaintiffs soon experienced several mechanical problems with the Sienna that Grossinger failed to repair. Plaintiffs filed a four-count complaint. Counts I and II alleged breach of written warranty and breach of implied warranty of merchantability under the federal Magnuson-Moss Warranty–Federal Trade Commission Improvement Act (Warranty Act) (15 U.S.C. §2308(a) (2000)) against Toyota Motor Sales, U.S.A. Counts III and IV made the same allegations against Grossinger. Grossinger moved to dismiss counts III and IV under section 2-619 of the Code (735 ILCS 5/2-619 (West 2005)), claiming it was not a party to the service agreement and could not be sued for breaching its provisions. Grossinger maintained that it merely sold the extended service on behalf of a third party, TMIS. The trial court dismissed counts III and IV with prejudice. The order of dismissal was made final and appealable under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

Plaintiffs appeal only from the dismissal of count IV. We note in passing that plaintiffs raised several new arguments in their reply brief that were not raised before the trial court, mentioned in their opening brief or presented in defendants' appellee brief. We will not consider

these new issues.  See 188 Ill. 2d R. 341(g) (the reply brief "shall be confined strictly to replying to arguments presented in the brief of the appellee").  See also Tivoli Enterprises, Inc. v. Brunswick Bowling & Billiards Corp., 269 Ill. App. 3d 638, 642, 646 N.E.2d 943 (1995) ("issues raised for the first time in the reply brief do not merit consideration on appeal").

Plaintiffs argue on appeal that the Warranty Act prevents Grossinger from disclaiming the implied warranty of merchantability because Grossinger extended the Extra Care contract on the Sienna.  Plaintiffs allege the following facts to show that Grossinger entered into the Extra Care contract: (1) Grossinger identified itself as the issuing dealer on the application and as the selling dealer on the agreement; (2) Grossinger endorsed the contract; (3) the contract required plaintiffs to bring the Sienna to Grossinger for all repair work; and (4) Grossinger agreed to provide services under the contract for 6 years or 100,000 miles.

Section 2308(a) of the Warranty Act provides that "[n]o supplier may disclaim or modify *** any implied warranty to a consumer with respect to such consumer product if *** (3) at the time of the sale *** such supplier enters into a service contract with the consumer which applies to such consumer product."  15 U.S.C. §2308(a) (2000).

We apply de novo review to dismissals under section 2-619 of the Code (735 ILCS 5/2-619 (West 2004)).  Dewan v. Ford Motor Co., 363 Ill. App. 3d 365, 368, 842 N.E.2d 756 (2005).  A complaint is properly dismissed under section 2-619 when an affirmative matter defeats the claim or avoids its legal effect.  Dewan, 363 Ill. App. 3d at 368.  An affirmative matter is " 'something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the

complaint.' " Dewan, 363 Ill. App. 3d at 368, quoting Cwikla v. Sheir, 345 Ill. App. 3d 23, 29, 801 N.E.2d 1103 (2003). The reviewing court must determine whether a genuine issue of material fact exists and whether the defendant is entitled to a judgment as a matter of law. Dewan, 363 Ill. App. 3d at 368. We accept all well-pled facts as true and draw all reasonable inferences in favor of the plaintiff. Dewan, 363 Ill. App. 3d at 368.

Here, there is a genuine issue of material fact as to whether Grossinger was a party to the extended service agreement. Plaintiffs have alleged that Grossinger was a party to the agreement because it identified itself as the issuing and selling dealer and the agreement required plaintiffs to contact Grossinger for all repair work. Viewing these facts in the light most favorable to plaintiffs, we conclude that this cause should not have been dismissed under section 2-619 of the Code. 735 ILCS 5/2-619 (West 2004).

Defendants rely on Mitsch v. General Motors Corp., 359 Ill. App. 3d 99, 106, 833 N.E.2d 936 (2005), which in turn relies on Priebe v. Autobarn, Ltd., 240 F.3d 584 (7th Cir. 2001). In those cases, as here, the purchase contract for a used car included a disclaimer, stating that the car was being sold in an "as is" condition without an express or implied warranty. Mitsch, 359 Ill. App. 3d at 101-102; Priebe, 240 F.3d at 586. In those cases, as here, the plaintiffs purchased an extended service plan offered by a third party but sold though the dealership. Mitsch, 359 Ill. App. 3d at 101; Priebe, 240 F.3d at 586. In those cases, as here, the plaintiffs sued, claiming that the dealerships that sold the extended service plans could not disclaim the implied warranty of merchantability under the Warranty Act (15 U.S.C. §2308(a) (2000)). Mitsch, 359 Ill. App. 3d at 105-06; Priebe, 240 F.3d at 587-88. The courts in Mitsch and Priebe affirmed summary

judgments in favor of the defendants, concluding that the plaintiffs had not articulated how the dealerships were parties to the service contracts, beyond the fact that they had offered the plans and accepted payments from the plaintiffs. Mitsch, 359 Ill. App. 3d at 106; Priebe at 240 F.3d at 588.

Here, plaintiffs *did* articulate how Grossinger was a party to the extended service agreement: plaintiffs were required to contact Grossinger for repairs. No such provision appears to have been considered in Mitsch or Priebe. The effect of a requirement to obtain service from the dealer was considered in an out-of-state case, Patton v. McHone, 822 S.W.2d 608 (Tenn. App. 1991). There, the court found that a disclaimer of implied warranties would have been ineffective where a dealership sold an extended service contract to the plaintiffs that required them to obtain service from the dealership unless they obtained special permission to go elsewhere. Patton, 822 S.W.2d at 617 n.16.

Here, a trier of fact must determine whether Grossinger was a party to the extended service agreement. The cause should not have been dismissed under section 2-619 of the Code.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

McBRIDE, P.J., and GARCIA, J., concur.