THIRD DIVISION
SEPTEMBER 27, 2006

Nos. 1-05-3753; 1-05-3893 (Consolidated)

| | | |
|---|---|---|
| MATANKY REALTY GROUP, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 05 CH 10271 |
| DEMETRIOS KATRIS, ANASTASIOS KATRIS, | ) | |
| NICK REVELIOTIS, UNKNOWN OWNERS & | ) | |
| NON-RECORD CLAIMANTS, | ) | Honorable |
| | ) | Robert J. Quinn, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Matanky Realty Group, Inc., appeals from two orders of the trial court

dismissing its complaint to foreclose on a mechanic's lien with prejudice pursuant to section 2-

619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2004)), and

releasing the lien in favor of defendants Demetrios Katris, Anastasios Katris, Nick Reveliotis,

unknown owners and non-record claimants.[1]  On appeal, plaintiff contends that the trial court

erred in dismissing the complaint with prejudice and releasing the mechanic's lien on the basis

that defendants failed to assert an affirmative defense which defeated its claim.  In the

alternative, plaintiff contends that the trial court abused its discretion by failing to provide an

opportunity to amend the complaint.

---

[1]The orders have been consolidated for purposes of appeal.

1-05-3753; 1-05-3893 (Consolidated)

In 1984, defendants purchased a piece of property in a shopping center from Hazel Crest Center, L.L.C. (Hazel Crest), and leased it to a restaurant. The property is located on the "outlot" of the shopping center, such that the restaurant is a stand-alone building without its own street access for traffic. A former owner of the shopping center granted a former owner of the outlot an easement appurtenent[2] through the shopping center parking lot for purposes of ingress and egress and parking. Pursuant to the terms of the easement, the owner of the outlot was responsible for 5.8% of the "cost of repair, replacement, maintenance and cleaning" of the parking lot, "limited only to those costs which are reasonable and necessary considering the purposes intended." Further, the shopping center owner was obligated to provide a "statement stating in full detail the costs incurred with a certification that said costs were, in fact, reasonable and necessary." Defendants adopted the easement rights when they purchased the outlot.

According to plaintiff, in 1996, it was hired by Hazel Crest as a property manager to "provide services to maintain, renovate, repair, improve and manage" the parking lot. Then, in May 2005, defendants received an invoice for nearly a decade of work performed by plaintiff. Plaintiff claims that it sent defendants monthly invoices beginning in 1996 for the work, which included "regrading, installation of new driveways, repaving, patching, crack filling, resealing,

---

[2]The easement was recorded as document number 22 559 096 in the office of the recorder of deeds in Cook County on November 20, 1973.

striping, landscaping, maintenance and cleaning of the parking lot and replacement of the parking lot lighting." Defendants, however, failed to respond to the invoices. On June 17, 2005, plaintiff recorded a mechanic's lien on both defendants' outlot and the easement, and filed a verified complaint to foreclose on the lien and for breach of contract. Defendants subsequently filed a motion to dismiss the verified complaint, pursuant to section 2-619(a)(9) of the Code, arguing that the mechanic's lien was improper because none of plaintiff's work was performed on their property. On November 7, 2005, in a written order, the trial court granted defendants' motion to dismiss with prejudice. Then, defendants filed a motion to enforce the court's order and release the mechanic's lien. On November 15, 2005, in an additional written order, the trial court granted defendants' motion and released the lien. This timely appeal followed.

Challenges to a motion to dismiss pursuant to section 2-619 of the Code are reviewed *de novo*. Dewan v. Ford Motor Co., 363 Ill. App. 3d 365, 368 (2005). When reviewing a motion to dismiss, this court accepts all well-pled facts as true and draws all reasonable inferences in favor of the nonmoving party. Dewan, 363 Ill. App. 3d at 368. A section 2-619(a)(9) motion to dismiss assumes that there is a sufficient cause of action stated in the pleading; however, there is some affirmative matter that avoids the legal effect of or defeats the claim. Dewan, 363 Ill. App. 3d at 368. An affirmative matter is a defense that " 'negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint.' " Dewan, 363 Ill. App. 3d at 368, quoting Cwikla v. Sheir, 345 Ill. App. 3d 23, 29 (2003). The remaining " 'question[s] on appeal [are] whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law.' " Dewan,

1-05-3753; 1-05-3893 (Consolidated)

363 Ill. App. 3d at 368, quoting <u>Cwikla</u>, 345 Ill. App. 3d at 30.

The Mechanics Lien Act (Act) (770 ILCS 60/1 (West 2004)) provides a method of recovery where a landowner received beneficial improvements to his property or his property value was increased because of a contractor's labor and materials. <u>Gateway Concrete Forming Systems, Inc. v. Dynaprop XVIII: State Street LLC</u>, 356 Ill. App. 3d 806, 809 (2005). Mechanics' liens are purely statutory; therefore, a contractor must strictly comply with the Act to be eligible for relief. <u>Cronin v. Tatge</u>, 281 Ill. 336 (1917); <u>Gateway Concrete Forming Systems, Inc.</u>, 356 Ill. App. 3d at 809. "Mechanics' liens should be enforced when the party brings himself within the provisions of the statute, but they should not be extended to cases not provided for by the language of the Act even though they may fall within its reason." <u>Luise, Inc. v. Village of Skokie</u>, 335 Ill. App. 3d 672, 680-81 (2002). In pertinent part, the Act states:

"Any person who shall by any contract *** , express or implied, *** with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land *** is known under this Act as a contractor and has a lien upon the whole of such lot or tract of land and upon adjoining or adjacent lots or tracts of land of such owner constituting the same premises and occupied or used in connection with such lot or tract of land as a place of residence or business ***. *** This lien extends to an estate in fee, *** or any right of redemption or other interest that the owner may have in the lot or tract of land at the time of making such contract." 770 ILCS 60/1 (West 2004).

In the instant case, the trial court properly dismissed plaintiff's claim and released the lien

˘4˘

because plaintiff failed to strictly comply with the Act.  As a threshold issue, in order to assert a lien against defendants, plaintiff was required to demonstrate that defendants were "owners of the lot or tract of land."  Within the context of the Act, an owner refers to any person with an estate, right of redemption or other interest in the land.  770 ILCS 60/1 (West 2004); M. Ecker & Co. v. LaSalle National Bank, 268 Ill. App. 3d 874, 878 (1994).  This definition of owner has been extended to a beneficiary under a land trust (M. Ecker & Co., 268 Ill. App. 3d at 878) and a lessee (Hacken v. Isenberg, 288 Ill. 589 (1919)).

Here, it is undisputed that the services at issue were performed on Hazel Crest's parking lot and that defendants held an easement appurtenant to the parking lot for purposes of ingress and egress and parking.  An easement provides a right or privilege in the use of another's property.  McMahon v. Hines, 298 Ill. App. 3d 231, 235 (1998).  An easement qualifies as appurtenant when the user of the right enjoys a dominant estate over the used land, which is considered the servient estate.  McMahon, 298 Ill. App. 3d at 235-36.  The individual with the easement is entitled to the necessary use of the easement.  McMahon, 298 Ill. App. 3d at 236. Accordingly, the easement provides use rights; however, it does not provide ownership rights or an ownership interest in the land.  As a result, defendants cannot be considered owners of the parking lot or any portion thereof merely because they have rights under the easement.

Plaintiff argues that its mechanic's lien is valid because it was hired by Hazel Crest, the owner in fee of the parking lot, to make improvements to the parking lot and thereby the easement, which benefitted defendants' adjoining property.  Plaintiff, however, fails to acknowledge the determinative language in the Act.  Pursuant to the Act, a contractor may

obtain a lien only "upon the whole of such lot or tract of land and upon adjoining or adjacent lots or tracts of land of *such owner*." (Emphasis added.) 770 ILCS 60/1 (West 2004). As we have established, defendants are not owners of the parking lot *vis-a-vis* the easement; therefore, no lien can be imposed upon their land no matter if it is adjoining or adjacent. Consequently, plaintiff's lien fails as a matter of law.

Although we recognize that a lien may be extended to "an estate in fee, *** or any right of redemption or other interest that the owner may have in the lot or tract of land" (770 ILCS 60/1 (West 2004)), we determine that "other interest" does not include easement rights when the improvements at issue were solely made on that easement and not in connection with any improvements to the principle property. Research into whether a mechanic's lien may be obtained under these circumstances has not unveiled any Illinois case law on point. However, as a case of first impression, the Court of Appeals of Idaho considered this issue in Fairfax v. Ramirez, 133 Idaho 72, 982 P.2d 375 (1999). In Fairfax, a contractor performed work on the principle property and a private easement road leading to the property. Prior to performing the requested work on the principle property, the contractor graded and laid gravel on the easement road in order to improve access to and allow for the improvements to the principle property. Fairfax, 133 Idaho at 74, 982 P.2d at 377. The contractor filed a lien on the principle property for outstanding payments from the improvements to the easement road. Fairfax, 133 Idaho at 74, 982 P.2d at 377. The supreme court ultimately determined that the improvements to the easement were essential preparatory work for the requested repairs to the principle property. Fairfax, 133 Idaho at 78, 982 P.2d at 381. As a result, the mechanic's lien properly attached to

the principle property when the actual work at issue was performed on the adjoining easement, but was completed in connection with improvements made to the principle property. Fairfax, 133 Idaho at 78, 982 P.2d at 381.

We find that Fairfax is distinguishable from the instant case. Here, although the easement adjoins defendants' outlot and benefits the property, the improvements are not sufficiently connected thereto where no work was performed on the principle property. Similarly, mechanics' liens may be obtained when improvements are made to sidewalks, streets or driveways bordering or leading to a property (770 ILCS 60/1 (West 2004)); however, the work performed must be in connection with an improvement on that adjoining property. Cronin, 281 Ill. 336; Water Products Co. of Illinois v. Gabel, 120 Ill. App. 3d 668, 673 (1983) (valid lien not found on lot where work performed on water main in adjoining street was not connected to any work performed on the lot). We refuse to extend the interpretation of the Act, which is to be strictly construed, in order to support a mechanic's lien on defendants' outlot where plaintiff's work was solely completed on the easement. We note, however, that a mechanic's lien provides a cumulative remedy in addition to other remedies supplied by the common law for enforcement of a contract supporting the desired lien. Fieldcrest Builders, Inc. v. Antonucci, 311 Ill. App. 3d 597, 609 (1999). Our decision pursuant to the Act does not affect plaintiff's common law remedies. Fieldcrest Builders, Inc., 311 Ill. App. 3d at 609.

We find no merit in plaintiff's remaining contention that the trial court abused its discretion by failing to provide an opportunity to amend its complaint. No absolute right exists for a plaintiff to amend a pleading. Addison v. Distinctive Homes, Ltd., 359 Ill. App. 3d 997,

1-05-3753; 1-05-3893 (Consolidated)

1003 (2005). The decision whether to grant or deny an amendment rests within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Addison, 359 Ill. App. 3d at 1003. In the instant case, we cannot say that the trial court abused its discretion where no exercise of that discretion was requested because the record demonstrates that plaintiff never sought leave to amend its complaint. Consequently, plaintiff essentially argues that the trial court should have offered or encouraged it to amend the pleading without plaintiff initiating such a request. Plaintiff's argument is completely without merit. However, we note that, had plaintiff properly requested leave to amend its pleading, such an amendment would have been granted to the common law breach of contract claim.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

THEIS, P.J., and KARNEZIS, J. concur.