**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230086-U

Order filed October 24, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| ANGELA CAGWIN, f/k/a ANGELA TREND, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-23-0086 |
| | ) | Circuit No. 21-L-986 |
| PATRICIA A. FLYNN and | ) | |
| BRETZ, FLYNN & ASSOCIATES, | ) | Honorable |
| | ) | John C. Anderson, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices McDade and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting defendants' motion to dismiss the complaint with prejudice and denying reconsideration. Affirmed.

¶ 2    Plaintiff, Angela Trend, now known as Angela Cagwin, filed a complaint against defendants, Patricia A. Flynn and her law firm, Bretz, Flynn & Associates, raising various claims relating to their representation of plaintiff's former spouse in postdissolution and other proceedings. The trial court granted defendants' motion to dismiss with prejudice for failure to

state a claim and awarded sanctions against plaintiff. Plaintiff appeals, and for the reasons set forth below, we affirm.

I. BACKGROUND

We recount in relevant part plaintiff's allegations and the ensuing trial court proceedings.

A. Complaint

On December 23, 2021, plaintiff filed, as a self-represented litigant, a multi-count complaint against defendants, alleging: (1) "FIRST, SECOND, and THIRD CAUSE OF ACTION (MALICIOUS—2 ORDER OF PROTECTIONS, ABUSE OF PROCESS, PERJURY, FRAUD UPON THE COURT"; (2) "FOURTH CAUSE OF ACTION CRIMINAL CONTEMPT (Malicious Prosecution and Abuse of Process)"; and (3) "FIFTH CAUSE OF ACTION (Intentional infliction of emotional distress on Plaintiff and 3 minor children." Plaintiff's claims were directed at defendants' representation of plaintiff's former spouse and allegedly others in various legal matters. According to the complaint, defendants represented plaintiff's former spouse in postdissolution custody proceedings and a felony child abuse prosecution and "unofficially" represented two parent-child visitation supervisors who sought no-contact orders against plaintiff.

Regarding counts I and II, plaintiff specified that these claims were based upon "Malicious Intent and abuse of process" relating to Flynn's alleged harassment of plaintiff and conspiracy with the visitation supervisors in their attempts to obtain no-contact orders against plaintiff. Regarding count III, plaintiff specified that this claim was based upon "Abuse of Process, Perjury and Fraud" arising out of Flynn's representations to the court in the child custody proceedings that plaintiff experienced conflicts with the visitation supervisors. In support of count III, plaintiff further alleged several purported abuses of the court process,

including use of a firm member for process serving, "conflict of parties involved in other felony case," conspiracy to make a false endangerment report, "notary fraud," and fraud with respect to a professional license.

¶ 8        According to the complaint, the basis for count IV is "Malicious prosecution intent" arising out of a contempt petition that was filed against plaintiff in a postdissolution proceeding. Plaintiff alleged that Flynn "maliciously embarked on a criminal contempt case" improperly accusing plaintiff of disseminating her former spouse's medical records and of missing two parental visitation dates. With respect to the final count V, plaintiff alleged intentional infliction of emotional distress from Flynn's "perjury and fraud upon the court" in the child custody proceedings. Plaintiff alleged that Flynn continues to threaten plaintiff "within the child custody case pertaining to the Plaintiff filing report to the offices of authorities pertaining to the notary fraud and license abuse of her firm's private investigator" and the conduct is under investigation with "the proper state authorities, professional divisions and assistant states attorneys."

¶ 9                            B. Motion to Dismiss and Sanctions Request

¶ 10        On March 18, 2022, defendants filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)). In addition to arguing that all counts failed to state claims and were precluded by the attorney litigation privilege, defendants argued that there are no independent causes of action in Illinois for perjury or fraud on the court. Defendant also sought sanctions against plaintiff pursuant to Supreme Court Rule 137 (eff. Jan. 1, 2018).

¶ 11        Meanwhile, on December 10, 2021 (a few weeks before the complaint in this case was filed), plaintiff filed, as a self-represented litigant, a complaint against her former attorney and the attorney's firm, alleging legal malpractice, negligence, forgery, and notary fraud in their

3

representation of plaintiff in postdissolution proceedings. See *Trend v. Henderson, et al.*, No. 21-L-959 (Cir. Ct. Will County) (*Henderson*). The defendants in the *Henderson* case also moved to dismiss the complaint.

¶ 12        At a March 30, 2022, trial court status proceeding, at which plaintiff did not appear, the trial court inquired as to whether the cases should be consolidated. Counsel for defendants in both cases responded that the cases were distinct. The trial court continued the motion to dismiss to April 12, 2022 (the same date for which the defendants in *Henderson* had noticed their motion to dismiss for presentment), and ordered plaintiff to appear on that date or the case would be dismissed.

¶ 13        In an April 11, 2022, filing, and at the April 12, 2022, hearing, plaintiff requested additional time to respond to the motion to dismiss due to illness. The trial court granted the request, set a briefing schedule on the motion to dismiss, and scheduled a hearing date on the motion for July 20, 2022. Following briefing, at the July 20, 2022, hearing, both sides elected to stand on their written arguments. The trial court took the matter under advisement, stating that it would "give [] a ruling by mail." Plaintiff interjected that she thought she had "the same thing with *Henderson* this morning at 9:00" and did not know if she missed that case. The trial court explained that it had already called *Henderson* and that "its plan was to rule on both of those cases at the same time." Plaintiff replied, "Great."

¶ 14                                C. Trial Court's Ruling

¶ 15        The trial court issued its written order on July 26, 2022, granting defendants' motion to dismiss with prejudice as well as defendants' request for sanctions. In the order, the trial court stated that it had, on its own motion, consolidated the case with *Henderson*. The trial court reasoned that both cases stemmed from plaintiff's dissolution case and that numerous other court

4

cases and filings in various agencies were all essentially part of her ongoing dissolution-related litigation.

¶ 16    As for the complaints in both this case and *Henderson*, the trial court found that neither complied with the requirements in section 2-603 of Code (735 ILCS 5/2-603 (West 2022)) that there be a plain and concise statement of the cause of action with each claim stated in a separate count and "separately pleaded, designated, and numbered" with "each paragraph containing, as nearly as may be, a separate allegation." The trial court then proceeded to separately analyze the two cases.

¶ 17    In this case, notwithstanding its determination that the complaint was independently deficient pursuant to section 2-603, the trial court addressed all arguments in support of dismissal for purposes of determining that the complaint should be dismissed with prejudice and that sanctions were warranted. In doing so, the trial court first held that defendants were immune from all of plaintiff's claims pursuant to the attorney litigation privilege.

¶ 18    Turning to the individual counts, the trial court held that the malicious prosecution and abuse of process claims were both deficient for failure to plead the requisite special injury beyond those injuries that result from any litigation. While plaintiff alleged that her Firearm Owner's Identification (FOID) card was revoked as a result of the litigation, the record demonstrated that the FOID card was revoked because plaintiff previously had been charged with domestic battery. In addition, the malicious prosecution claim failed because it was the parent-child visitation supervisors and plaintiff's former spouse, not defendants, who instituted judicial proceedings against plaintiff, and the abuse of process count was deficient because plaintiff failed to allege an improper act in the use of legal process.

5

¶ 19        Regarding the perjury claim, the trial court pointed out that there is no private right of action for perjury, and, regarding the "fraud on the court" claim, the trial court noted that, while fraud on the court may be a basis to vacate a judgment, it is not an independent cause of action. Finally, the trial court held that the intentional infliction of emotional distress claim was deficient because plaintiff did not allege conduct that amounted to the extreme and outrageous conduct necessary to state a cause of action.

¶ 20        With respect to defendants' sanctions request, the trial court agreed that plaintiff's lawsuit was not warranted by existing law or a good faith argument for departing from existing law. Accordingly, the trial court held that sanctions were proper, granted defendants leave to file a fee petition, and set a briefing schedule and hearing date on the petition. Noting that sanctions are not limited to attorney fees, the trial court also made a " 'warm and friendly' " suggestion that plaintiff "reevaluate whether the overall scope and scale of litigation she is undertaking is in her best interests."

¶ 21                                     D. Fee Petition

¶ 22        On August 25, 2022, defendants filed a fee petition pursuant to Rule 137 with a supporting affidavit and bills/invoices, seeking attorney fees and costs incurred in defending against plaintiff's claims in the total amount of $18,037.60. Having been granted on extension to respond to the fee petition, on October 19, 2022, plaintiff filed what was captioned a "2-1401 Petition Challenge to Court's Ruling," arguing that the trial court improperly dismissed the complaint with prejudice and that plaintiff was diligent in the proceeding notwithstanding that she had been suffering complications from a high-risk pregnancy during the pendency of the suit.

¶ 23        On October 31, 2022, following a status hearing at which only plaintiff appeared, the trial court entered a written order directing plaintiff, on its own motion, to advise the court as to why

6

the section 2-1401 petition should not be stricken, noting that the substance of the filing demonstrated that it was essentially a rehearing petition. The trial court further ordered that the filing stand as plaintiff's response to defendants' fee petition, but allowed plaintiff additional time to file any supplement to the response, and set a hearing date.

¶ 24    In addition, on its own motion, the trial court severed this case from *Henderson* in the October 31, 2022, order.

¶ 25    On November 21, 2022, plaintiff filed what was captioned a response to the trial court's October 31, 2022, order, reiterating that her section 2-1401 petition sought to vacate the dismissal of her claims with prejudice and the sanctions ruling. Plaintiff further argued that the amount of fees sought in defendants' fee petition reflect the time spent in defending against her claims was "overkill" and also demonstrated that her claims were not frivolous. According to plaintiff, "[m]eritless claims generally need far less 'explaining' and 'argument' to demonstrate that they're meritless." In reply, defendants argued that their fee petition should be considered uncontested given what was essentially plaintiff's failure to respond.

¶ 26    At a December 19, 2022, status hearing, the trial court advised that it would take the matter under advisement and issue a ruling by mail. Defense counsel stated that it would stand on its pleadings; plaintiff requested that the trial court consider her limited financial ability to pay a sanctions award in issuing its ruling and noted that she previously had filed a "fee waiver" that had been denied.

¶ 27    On January 6, 2023, the trial court issued a written order, allowing the parties leave to file supplemental briefs on the issue of whether plaintiff's ability to pay was a relevant consideration in imposing sanctions and stating that defendants could request to depose plaintiff on the limited issue of her ability to pay a sanctions award. In addition, the trial court noted plaintiff's

7

suggestion at the December 19, 2022, hearing that there should be "fee waiver," and that it understood this to mean a request for a waiver of court costs. Noting that the docket reflected no such request nor a financial affidavit, the trial court allowed plaintiff leave to file a financial affidavit and request for a waiver of court costs and stated that, once filed, it would consider whether to refund plaintiff's court costs.

¶ 28        In response, plaintiff filed a financial affidavit, and defendants filed a supplemental brief. Defendants stated that, under federal law, a party's inability to pay is a relevant consideration in imposing sanctions but that the issue was unclear under Illinois law. Defendants suggested that, regardless, the trial court should exercise its discretion in imposing sanctions. Defendants also declined to request the option of deposing plaintiff.

¶ 29        On February 21, 2023, the trial court issued a written order on the pending matters. The trial court denied plaintiff's "2-1401 Petition Challenge to Court's Ruling," first finding that it was, in substance, a motion to reconsider and a response to the fee petition. Moreover, the trial court found that, even if the filing were considered a section 2-1401 petition, relief was not warranted because, in addition to the failure to serve defendants with the petition, plaintiff failed establish the existence of a meritorious defense or claim or due diligence in presenting the defense or claim in the original action. The trial court further reasoned that plaintiff failed to establish due diligence in filing a section 2-1401 petition for relief "given that virtually everything she is raising in her 2-1401 petition could have been raised earlier."

¶ 30        In addition, the trial court agreed that plaintiff's complaint violated Rule 137 in that, on its face, the complaint was not well grounded in fact and not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. The trial court made no finding as to whether the complaint was filed for improper purposes but noted that "it would

8

not be a stretch to reach that conclusion in light of the complex and tangled web of lawsuits and non-judicial proceedings (referenced in the Court's dismissal order) arising from a single divorce case."

¶ 31        In considering the amount of defendants' sanctions request, the trial court found that the hourly rates and time allocations identified in the fee petition were reasonable and customary; defense counsel was highly skilled; the issues presented were fairly straightforward; defendants benefitted from the work; and there was a reasonable connection between the fees sought and the amounts involved in the litigation. However, the trial court found that the amount sought ($18,037.16) was excessive in relation to plaintiff's ability to pay a sanctions award. In doing so, the trial court noted that it was unaware of an Illinois reviewing court decision in which ability to pay was expressly recognized as a factor to consider in imposing sanctions. However, given Rule 137's substantial similarity to Federal Rule of Civil Procedure 11, the trial court considered numerous federal court decisions that had considered a party's resources in imposing sanctions under the federal rule. Thus, having reviewed plaintiff's financial affidavit, the trial court noted that plaintiff likely could never pay the full amount of fees sought and concluded that a sanction in the amount of $3000 would serve as a deterrent against future frivolous filings. Accordingly, the trial court entered sanctions against plaintiff and in favor of defendants in the amount of $3000.

¶ 32        On March 6, 2023, plaintiff timely filed a notice of appeal.

¶ 33                                                    II. ANALYSIS

¶ 34        On appeal, plaintiff argues that the trial court erred in consolidating this case with *Henderson*, denying plaintiff an opportunity to amend her complaint, and denying the section 2-1401 petition. Plaintiff proceeds as a self-represented litigant on appeal. Defendants argue that

9

plaintiff forfeited her arguments regarding consolidation and dismissal with prejudice and that the trial court properly denied the section 2-1401 petition. In addition, defendants argue that sanctions should be awarded under Supreme Court Rule 375(b) (eff. Feb. 1, 1994) for the filing of a frivolous appeal. We address each argument in turn.

¶ 35                                    A. Consolidation

¶ 36         A trial court may consolidate two pending actions as an aid to convenience whenever it can be done without prejudice to a substantial right. 735 ILCS 5/2-1006 (West 2022). Consolidation is appropriate where two cases are of the same nature, arise from the same act or event, involve the same or like issues, and depend largely on the same evidence. *In re Joseph J.*, 2020 IL App (1st) 190305, ¶ 26. Consolidation is favored where it can be done as a matter of judicial economy. *Edwards v. Addison Fire Protection District Firefighters' Pension Fund*, 2013 IL App (2d) 121262, ¶ 41. A trial court has broad discretion in determining whether consolidation is proper, and its decision will not be overturned absent an abuse of discretion. *In re Marriage of Reidy*, 2018 IL App (1st) 170054, ¶ 24. A court abuses its discretion where its decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the trial court's view. *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 37         Plaintiff argues that consolidation of this case with *Henderson* was erroneous because the two cases "did not contain any nexus." Plaintiff does not provide a cogent argument in support and cites no relevant legal authority. Rather, plaintiff relies broadly upon Federal Rules of Civil Procedure 19, 20, and 21, which govern, respectively, joinder of parties, permissive joinder of parties, and misjoinder and nonjoinder of parties to an existing action in federal court proceedings.

10

¶ 38    "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive legal arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research [citation]." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). It is neither the obligation nor the function of a reviewing court to act as an advocate or search the record for error. *Id.* The consequences of failure to comply with these requirements is forfeiture of the arguments on appeal. *Id.* Self-represented litigants are not excused from compliance with these requirements. *In re A.H.*, 215 Ill. App. 3d 522, 529-30 (1991). Given plaintiff's failure to develop the argument or provide authority to support her challenge to the consolidation, the argument is forfeited. See *Lake County Grading Co. v. Village of Antioch*, 2014 IL 115805, ¶ 36 (a point not supported by citation to relevant authority fails to satisfy the requirements of Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) and results in forfeiture of the issue).

¶ 39    Moreover, we note that the cases were effectively consolidated for decision only. Plaintiff fails to identify any prejudice from the consolidated ruling, nor does the record reflect any such prejudice. Indeed, with the exception of finding that the complaints in both cases violated the pleading requirements of section 2-603 of the Code, the trial court separately analyzed the cases. In doing so, the trial court set forth an extensive, discrete analysis of the various bases for granting defendants' motion to dismiss. In sum, plaintiff presents no basis upon which to hold that the trial court abused its discretion in consolidating the cases.

¶ 40                    B. Dismissal With Prejudice

¶ 41    Initially, we note that plaintiff does not argue that the trial court erred in granting defendants' motion to dismiss. In other words, she offers no argument that her claims were sufficiently pled or should have survived defendants' section 2-615 motion to dismiss. Rather,

11

plaintiff argues that dismissal of the complaint should not have been with prejudice and that she should have been given leave to amend the complaint. We disagree.

¶ 42     "No absolute right exists for a plaintiff to amend a pleading." *Matanky Realty Group, Inc. v. Katris*, 367 Ill. App. 3d 839, 844 (2006). The determination of whether to grant or deny an amendment rests within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Id.* Here, however, plaintiff never requested leave to amend. Thus, we cannot say that the trial court abused its discretion where no exercise of that discretion was requested. See *id.* Moreover, plaintiff provides no argument on appeal as to how she would cure the pleading deficiencies found by the trial court. Rather, plaintiff contends that "nowhere in the Court's discussion of the complaint against [defendants] did the Court discuss whether and what Petitioner would have to allege in order to sustain her claims." To the extent plaintiff suggests that it was the trial court's burden to advise in this manner, the argument has no merit. Accordingly, there is no basis upon which to hold that the trial court abused its discretion in dismissing the complaint with prejudice.

¶ 43                          C. Section 2-1401 Petition

¶ 44     Plaintiff contends that the trial court did not allow her to seek "rehearing" pursuant to section 2-1401(b-10) of the Code (735 ILCS 5/2-1401(b-10) (West 2022)). Section 2-1401(b-10) provides that a movant may present a meritorious claim for purposes of a petition for relief from judgment where the allegations of the petition establish by a preponderance of the evidence that, *inter alia*, the movant was convicted of a forcible felony and "her participation in the offense was a direct result of her suffering from post-partum depression or post-partum psychosis." *Id.* This case does not involve a felony conviction nor allegations of post-partum depression or psychosis.

12

¶ 45 Moreover, notwithstanding the title of the pleading, plaintiff's petition was in essence a rehearing petition, and, as set forth above, plaintiff provides no argument that her claims were sufficiently pled or should have survived defendants' section 2-615 motion to dismiss. Accordingly, plaintiff's argument is forfeited. See *Lake County Grading*, 2014 IL 115805, ¶ 36. In addition, as defendants point out, to the extent the pleading is construed as a rehearing petition, the petition was untimely filed under the 30-day deadline for postjudgment motions set forth in Supreme Court Rule 274 (eff. July 1, 2019).

¶ 46 Even if the pleading were construed as a section 2-1401 petition, the trial court properly denied the petition for the reasons set forth in its February 21, 2023, written order. Namely, plaintiff failed to serve defendants with the petition, establish the existence of a meritorious defense or claim or due diligence in presenting the defense or claim in the original action, and establish due diligence in presenting the section 2-1401 petition. See *Cavitt v. Repel*, 2015 IL App (1st) 133382, ¶ 46 (setting forth the requirements for relief under section 2-1401).

¶ 47 As a final matter, plaintiff argues that the billing entries in defendants' fee petition, and plaintiff's receipt of the February 21, 2023, final order by mail and not email suggest *ex parte* communications, improper court process and violation of the judicial conduct canons. Initially, we note that, at the December 19, 2022, status hearing, the trial court advised that it would take the matter under advisement and issue a ruling by mail. Regardless, there is no dispute that plaintiff received the final order; indeed, she filed a notice of appeal two weeks later, on March 6, 2023. Plaintiff's argument is undeveloped and unsupported, legally or factually. Accordingly, the argument is forfeited. See *Lake County Grading*, 2014 IL 115805, ¶ 36.

¶ 48 D. Sanctions

¶ 49 Defendants argue that sanctions should be awarded against plaintiff under Rule 375(b) for the filing of a frivolous appeal and request that we grant them leave to submit a petition for attorney fees incurred in responding to this appeal or, alternatively, award sanctions in the amount of the $18,037.16 in attorney fees already found by the trial court to have been reasonably incurred, or impose any other sanction this court finds appropriate and effective. Plaintiff responds, without further analysis, citation, or record support that "these cases were certainly not frivolous," as exemplified by the "high amount of billing" to defend against them and the fact that the attorneys in the *Henderson* case did not seek sanctions against her. Parenthetically, we note that plaintiff offers no substantive challenge to the award of Rule 137 sanctions in the trial court and also, that defendants did not cross-appeal from the amount of the trial court's sanctions award.

¶ 50 Rule 375(b) allows this court to sanction a party if we determine that the appeal was frivolous. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). An appeal will be deemed frivolous "where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." *Id.* We apply an objective standard in determining whether an appeal is frivolous. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 87. *Id.* "Appropriate sanctions for violation of this section may include an order to pay to the other party or parties damages, the reasonable costs of the appeal or other action, and any other expenses necessarily incurred by the filing of the appeal or other action, including reasonable attorney fees." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). Sanctions may be awarded against a self-represented litigant pursuant to Rule 375(b). See *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 59 (collecting cases).

¶ 51	In support of their sanctions request, defendants rely upon several of plaintiff's arguments in this court as illustrative of the frivolous nature of the appeal. Namely, defendants point out that plaintiff challenged consolidation based upon inapplicable federal rules, sought reversal based upon the trial court's failure to *sua sponte* offer her a chance to amend while acknowledging that she does not know how she could amend the complaint to cure the defects that led to dismissal, sought reversal of the trial court's denial of the section 2-1401 petition based upon an inapplicable statutory provision, and suggested, without support, nefarious *ex parte* communications between the trial court and Flynn.

¶ 52	Having reviewed the entirety of the record, we agree that plaintiff advances arguments on appeal that are simply not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). Not once in this appeal does plaintiff address the fundamental issue of whether her claims were sufficiently pled. Rather, as set forth above, plaintiff has raised a litany of extraneous issues that are neither reasonably well grounded in fact nor warranted by existing law. See *id.* Plaintiff's misguided response to the sanctions request—that the very incurring of fees to defend against frivolous claims somehow demonstrates their merit—reflects a failure to appreciate the strictures set forth in Rule 375 and that she remains undeterred in proceeding with frivolous litigation. In sum, we grant defendants' request for sanctions against plaintiff for the filing of a frivolous appeal pursuant to Rule 375(b).

¶ 53	Accordingly, we retain jurisdiction and direct defendants to file a statement of reasonable attorney fees and expenses incurred *as a result of this appeal* within 14 days. Plaintiff shall have 7 days to file a response. This court will then file a supplemental order determining the amount

15

of sanctions. See, *e.g.*, *Pedigo v. Youngblood*, 2015 IL App (4th) 140222, ¶ 22; *Bank of America, N.A. v. Basile*, 2014 IL App (3d) 130204, ¶ 41.

¶ 54                                    III. CONCLUSION

¶ 55          For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 56          Affirmed.