2025 IL App (1st) 240640-U

FIRST DISTRICT,
SIXTH DIVISION
February 7, 2025

No. 1-24-0640

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

|  |  |  |
|---|---|---|
| ELPINIKI ECONOMOU, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v | ) | |
| | ) | No. 2023 L 000494 |
| U-STOR-IT MANAGERS, LLC, | ) ) | |
| Defendant-Appellee. | ) ) ) ) | Honorable Daniel J. Kubasiak, Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1      *Held*:   Dismissal of plaintiff's second amended complaint with prejudice is affirmed where plaintiff failed to state a claim under the Consumer Fraud and Deceptive Business Practices Act and did not seek leave to amend.

¶ 2      Plaintiff Elpiniki Economou appeals from the dismissal of her second amened complaint against defendant U-Stor-It Managers, LLC (U-Stor-It). The complaint alleged, in relevant part, that U-Stor-It violated the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505 *et seq.*) (West 2022) by denying Economou access to her storage unit

until she paid for property damage that she caused and selling her possessions once she defaulted on rent. For the following reasons, we affirm.

¶ 3                                        I. BACKGROUND

¶ 4        U-Stor-It owns and operates a self-storage facility in Streamwood, Illinois (Facility). On July 5, 2022, Economou entered into an Illinois Self Storage Rental Agreement (Agreement) with U-Stor-It, agreeing to rent a storage unit on a month-to-month basis for $129 per month.

¶ 5        The Agreement provides, "If Occupant has caused damage to any of [U-Stor-It's] property, then [U-Stor-It] is entitled to deny access to Occupant to all rented spaces until Occupant has paid Owner for all damages incurred." U-Stor-It may also deny occupant access to her unit "[i]f rent is not paid within one (1) days following the monthly due date." The Agreement further provides that U-Stor-It has a lien on all of the occupant's personal property stored in the unit and "may enforce its lien by selling or otherwise disposing of the personal property stored in the space *** " following the procedure and notice requirements of the Illinois Self-Service Storage Facility Act (Storage Act) (770 ILCS 95/1-95/7) (West 2022).

¶ 6        Around 7:00 p.m. on July 7, 2022, Economou drove a box truck into the east gate of the Facility as the gate was closing, rendering it bent and inoperable. She did not report the damage to U-Stor-It, but review of security footage showed Economou damaging the gate. On July 8, 2022, U-Stor-It reported the damage to the police, deactivated Economou's unique PIN she used to access the Facility, and placed an additional lock on her storage unit. Economou refused to pay the repair costs, totalling $7,410.00, and refused to pay rent once she was denied access to her unit.

¶ 7        U-Stor-It notified Economou of her overdue rent on August 14, 2022. On October 22, 2022, U-Stor-It sent a notice of lien sale to Economou via certified mail, informing her that a lien

sale would be held on November 18, 2022, if she did not pay her outstanding balance. On November 4 and 11, 2022, U-Stor-It published the notice of lien sale in the Daily Herald. The lien sale proceeded as scheduled, and Economou's possessions were sold to a third party.

¶ 8        On January 18, 2023, Economou filed her initial complaint against U-Stor-It, alleging violation of the Consumer Fraud Act and false light and arrest. Economou was granted leave to amend. The first amended complaint alleging claims for consumer fraud and malicious prosecution was dismissed without prejudice pursuant to U-Stor-It's section 2-619 motion to dismiss (735 ILCS 5/2-619 (West 2022)).

¶ 9        On October 10, 2023, Economou filed her second amended complaint. In count I, violation of the Consumer Fraud Act, Economou claimed that the parties did not have a valid Agreement because it was not signed by U-Stor-It. Economou claimed that U-Stor-It engaged in an "illegal trade practice designed to intimidate the public into paying or losing their valued possession without legal remedy" by "plac[ing] its own locks on Plaintiff's space, denying her access to her possessions" unless she paid $10,000.00, and selling her possessions "without notice," as required under the Storage Act. Count II alleged malicious prosecution for "pursu[ing] a criminal complaint" against Economou and count III alleged breach of contract.

¶ 10       On November 17, 2023, U-Stor-It filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). U-Stor-It argued that the parties had a valid Agreement; Economou failed to allege any unfair or deceptive business practice; U-Stor-It provided proper notice of the lien sale under the Storage Act; U-Stor-It had probable cause to report the damage to the police; and U-Stor-It did not breach the Agreement.

¶ 11　　　　The affidavit of U-Stor-It manager Dominique Cortes is attached to the motion to dismiss. The affidavit describes the damage to the east gate and Cortes's review of the security footage showing Economou drive into the gate. U-Stor-It also included its gate entry records confirming Economou accessed the east gate with her PIN at the time the damage occurred, and the notices of lien sale sent to Economou via certified mail and published in the newspaper.

¶ 12　　　　On February 23, 2024, the trial court dismissed the second amened complaint with prejudice. The court found that despite this being "Plaintiff's third attempt at a sufficiently pled cause of action," she still "[did] not sufficiently allege any purposefully deceptive act pursued by Defendant" under the Consumer Fraud Act. As to counts II and III, U-Stor-It had an adequate basis for filing the police report, and U-Stor-It did not breach the Agreement, which clearly states that Economou is "responsible for any outstanding fees or the cost of any damage caused by her." Economou appeals.

¶ 13　　　　　　　　　　　　　　　II. ANALYSIS

¶ 14　　　　 Economou argues that the trial court erred in dismissing her second amended complaint because (1) the Agreement ended when U-Stor-It took possession of her unit; (2) U-Stor-It's "oppressive" conduct violated the Consumer Fraud Act; and (3) the trial court abused its discretion in "not allowing a third amendment."

¶ 15　　　　Our review of each of these arguments is hindered by Economou's severely undeveloped and incomplete appellate brief. Illinois Supreme Court Rule 341(h)(7) requires that an appellant "clearly set out the issues raised and the legal support therefore with relevant authority." *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009); Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Economou's brief leaves much to be desired, as it contains a singular citation to the record and is replete with undeveloped arguments that are not supported by pertinent legal authority. And

when relevant authority is cited, Economou fails to connect it to any argument advanced. A court of review is entitled to have issues clearly defined, supported by pertinent authority and cohesive arguments; it is not a depository in which a party may dump the burden of argument and research. *U.S. Bank*, 397 Ill. App. 3d at 459. Despite these failings, we will address Economou's arguments.

¶ 16    U-Stor-It filed a combined motion to dismiss per section 2-619.1 of the Code. 735 ILCS 5/2-619.1. A section 2-615 motion attacks the legal sufficiency of a complaint based on defects apparent on its face. *Heastie v. Roberts*, 226 Ill. 2d 515, 531 (2007); 735 ILCS 5/2-615 (West 2022). A section 2-619 motion to dismiss admits the legal sufficiency of a complaint but asserts that an affirmative defense or other affirmative matter outside of the pleading defeats the claim. *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008); 735 ILCS 5/2-619(a)(9) (West 2022). When reviewing a motion under either section, we "accept all well-pleaded facts in the complaint as true" and "draw all reasonable inferences from those facts in favor of the nonmoving party." *Edelman, Combs and Latturner v. Hinshaw and Culbertson*, 338 Ill. App. 3d 156, 164 (2003). However, we "will not admit conclusions of law and conclusory allegations not supported by specific facts." *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724 (2007). Our review is *de novo*. *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 10.

¶ 17    Economou argues, for the first time on appeal, that she should have been given access to her possessions when the Agreement ended "on July 9, 2022, when [she] was denied access to her storage locker." Economou has not developed this argument, provided any relevant legal or factual support for it, or explained how it supports any claim in the second amended complaint. Accordingly, Economou has forfeited this argument on appeal. See *Martinez v. River Park Place, LLC*, 2012 IL App (1st) 111478, ¶ 29 (arguments not raised in the trial court are forfeited

on appeal); see also *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010) (argument is forfeited when a party "fail[s] to develop it or cite any authority to support it").

¶ 18    Economou asserts that the trial court erred in dismissing her Consumer Fraud Act claim, reasoning, "What could be more oppressive than to store you[r] household goods for less than $200.00 paid and learn you can't have them back unless you pay $10,000.00."

¶ 19    To state a claim under the Consumer Fraud Act, plaintiff must plead specific facts showing "(1) a deceptive or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) such damages were proximately caused by the defendant's deception." *Dubey v. Public Storage, Inc.*, 395 Ill. App. 3d 342, 353 (2009). A claim for consumer fraud "must be pled with the same particularity and specificity as that required under common law fraud." *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 501 (1996).

¶ 20     Count I was properly dismissed, as Economou does not allege any deceptive or unfair practice. Economou merely asserts in a conclusory fashion that U-Stor-It violated the Consumer Fraud Act by withholding access to her unit and selling her possessions. Economou fails to plead with particularity any deceptive or unfair practice, how U-Stor-It's conduct was deceptive or unfair, or that U-Stor-It intended her to rely on the deceptive or unfair practice. See *id*. at 502 (plaintiff failed to state claim for consumer fraud where plaintiff "did not allege with specificity how the [user] manual's guidelines were false or deceptive"); see also *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 419 (2002) (a complaint that fails to "state with particularity and specificity the deceptive manner of defendant's act or practices" requires dismissal).

¶ 21        Rather than addressing these pleading deficiencies, Economou argues that U-Stor-It's conduct was "oppressive." See *Rockford Memorial Hospital v. Havrilesko*, 368 Ill. App. 3d 115, 124-125 (2006) (one factor in determining whether a practice is "unfair" is whether it is "so oppressive that it leaves the consumer with little alternative except to submit to it"). Not so.

¶ 22        To constitute "oppressive" conduct, U-Stor-It must have "deprive[d] [Economou] of a *** reasonable opportunity to avoid the sale." See *Fogt v. 1-800-Pack-Rat, LLC*, 2017 IL App (1st) 150383, ¶ 68. By fully complying with the notice requirements of the Storage Act (see 770 ILCS 95/4), U-Stor-It provided Economou with multiple opportunities to avoid the lien sale. Yet, she chose not to do so. Instead, she defaulted on rent after she was rightfully denied access to her storage unit and refused to pay her outstanding balance thereafter. Compare *id.* (storage facility's conduct not oppressive where it provided notice of lien sale to plaintiffs at an incorrect address because plaintiffs failed to update their contact information and address as required under the contract) with *Hill v. PS Illinois Trust*, 368 Ill. App. 3d 310, 320 (2006) (plaintiff sufficiently pled unfair and oppressive conduct where storage facility "afforded him no reasonable opportunity to avoid" the sale). Accordingly, count I was properly dismissed for failure to state a claim under the Consumer Fraud Act.

¶ 23        Economou does not argue that the trial court erred in dismissing her claims for malicious prosecution (count II) or breach of contract (count III). As such, she has forfeited any argument that the trial court erred in dismissing counts II and III, and we affirm their dismissal. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) (arguments not raised in opening brief are forfeited); see also *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶¶ 55-57 ("[w]here an appeal is from dismissal of multiple counts of the complaint but the appellant only argues certain counts in the brief on appeal, the other counts are not considered as they are deemed forfeited").

¶ 24        Finally, we reject Economou's assertion that the trial court abused its discretion in "not allowing a third amendment." Economou did not file a motion for leave to amend or indicate her intention to do so at any point prior to dismissal. The trial court has no obligation to offer or encourage a plaintiff to amend a pleading, and "we cannot say that the trial court abused its discretion where no exercise of that discretion was requested." *Matanky Realty Group, Inc. v. Katris*, 367 Ill. App. 3d 839, 844 (2006). Accordingly, we find the trial court did not abuse its discretion where Economou never sought leave to amend. See *id.* (trial court did not abuse its discretion where plaintiff never requested leave to amend); see also *Fox River Gardens, LLC v. Illinois Department of Financial and Professional Regulation*, 2023 IL App (1st) 221081-U, ¶ 51 (same).

¶ 25                                III. CONCLUSION

¶ 26        For the foregoing reasons, we affirm the judgment of the circuit court of Cook County dismissing plaintiff's second amended complaint with prejudice.

¶ 27        Affirmed.