**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240532-U

Order filed April 30, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| ROD JOHNSON and RON JOHNSON, | ) | Appeal from the Circuit Court |
| as Successor Trustees of the Joann E. Johnson | ) | of the 13th Judicial Circuit, |
| Family Trust, | ) | Bureau County, Illinois, |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | Appeal No. 3-24-0532 |
| v. | ) | Circuit No. 21-LM-19 |
| | ) | |
| | ) | |
| FRED LEBAHN, | ) | Honorable |
| | ) | Geno J. Caffarini, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Brennan and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Summary judgment in favor of defendant was proper where plaintiffs failed to produce evidence of defendant's breach of contract.

¶ 2    Plaintiffs, Ron Johnson and Rod Johnson, as Successor Trustees of the Joann E. Johnson Family Trust, appeal the circuit court's order granting of summary judgment in favor of defendant, Fred Lebahn. They argue the motion should have been denied or they should have been given the opportunity to amend their complaint. We affirm.

## I. BACKGROUND

¶ 4      In September 2013, Joann Johnson and Lebahn entered into a cash farm lease agreement. Under the agreement, Lebahn would farm Joann's land and make payments to Joann twice a year. The lease term was three years, after which the lease continued on a year-to-year basis unless terminated by either party. A portion of the lease provided Lebahn would "leave the soil in a state of fertility at the termination of the lease being equal or better tha[n] it was at the time of possession." Typed at the bottom of the lease was a note stating, "Owner gets copy of soil testing and records from local supplier—also copies of fertilizer and chemicals used." In 2017, Joann deeded the farm into her trust, wherein she was the trustee and plaintiffs were successor trustees. Joann died in 2020, and Lebahn made his last payment in August 2020.

¶ 5      In March 2021, plaintiffs, in their individual capacities, sued Lebahn for breach of the agreement. They alleged Lebahn breached the agreement when he "failed to leave the soil in a state of fertility at the termination of the lease being equal or better tha[n] it was at the time of possession." Plaintiffs asked for $40,000 in damages. In June 2022, plaintiffs amended their complaint to state the suit was brought in their capacities as successor trustees of Joann's trust. Otherwise, the amended complaint was the same as the original.

¶ 6      Lebahn moved for summary judgment.[1] Lebahn argued plaintiffs had not provided any evidence of the soil's fertility at the time he began farming the property or during the agreement's term. Rather, the only soil test was performed in October 2020, when Lebahn was no longer farming the land. Thus, Lebahn contended, there was no way to determine whether he failed to

---

[1]The parties agree that while the title of Lebahn's motion was "Motion to Dismiss," the court and the parties construed the motion as a motion for summary judgment and we follow suit.

leave the soil in an equal or better condition at the conclusion of the agreement. And as a result, he maintained, plaintiffs could not prove he breached the agreement.

¶ 7        After a hearing, the circuit court granted Lebahn's motion for summary judgment, and this appeal followed.

¶ 8                                        II. ANALYSIS

¶ 9        On appeal, plaintiffs contend the circuit court improperly granted Lebahn's motion for summary judgment. Alternatively, plaintiffs ask that we vacate the court's order and remand to allow plaintiffs the opportunity to amend the complaint.

¶ 10        "Summary judgment *** should only be granted if the movant's right to judgment is clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). In determining whether the moving party is entitled to summary judgment, the court must construe the pleadings and evidentiary material strictly against the moving party. *Happel v. Wal-Mart Stores, Inc.*, 199 Ill. 2d 179, 186 (2002). Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Internal quotation marks omitted.) *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 28. "Although the burden is on the moving party to establish that summary judgment is appropriate, the nonmoving party must present a *bona fide* factual issue and not merely general conclusions of law." *Morrissey v. Arlington Park Racecourse, LLC*, 404 Ill. App. 3d 711, 724 (2010). We review the circuit court's decision to grant a motion for summary judgment *de novo*. *Palm*, 2013 IL 110505, ¶ 28.

¶ 11        A motion for summary judgment may be resolved when the burden of proof is on the nonmoving party, and the movant shows that the nonmovant has insufficient evidence to prove an

essential element of the cause of action. *Hutchcraft v. Independent Mechanical Industries, Inc.*, 312 Ill. App. 3d 351, 355 (2000). Once a movant meets their initial burden of production, the burden shifts to the nonmovant to present some factual basis that would arguably entitle the nonmovant to a judgment. *Id.* "A summary judgment motion is confined to the issues raised in the complaint, and a plaintiff may not raise new issues not pleaded in his complaint to support or defeat a motion for summary judgment." *Caulkins v. Pritzker*, 2023 IL 129453, ¶ 36.

¶ 12   In the present case, plaintiffs alleged a breach of contract. To establish a breach of contract, a plaintiff has the burden to show (1) the existence of a valid and enforceable contract; (2) the plaintiff's performance of their obligation under the contract; (3) the defendant's breach of the contract; and (4) damage or injury to the plaintiff. *Sheth v. SAB Tool Supply Co.*, 2013 IL App (1st) 110156, ¶ 68. Whether a breach of contract has occurred is a question of fact. *Timan v. Ourada*, 2012 IL App (2d) 100834, ¶ 24.

¶ 13   Plaintiffs' amended complaint alleged a single theory of breach—that Lebahn failed to "leave the soil in a state of fertility at the termination of the lease being equal or better tha[n] it was at the time of possession"—and our inquiry is restricted accordingly. *Caulkins*, 2023 IL 129453, ¶ 36. Proving a breach of this provision of the lease necessarily requires a comparison of the soil's fertility when Lebahn took possession and when the agreement terminated, in 2020. In his motion for summary judgment, Lebahn pointed out that plaintiffs (1) made no allegations concerning the soil's fertility at the time Lebahn took possession in their amended complaint, and (2) had not come forward with any evidence of same. Plaintiffs do not dispute they do not have such evidence and instead place blame on Lebahn's failure to have the soil regularly tested during the agreement's term. In any event, because plaintiffs failed to come forward with any evidence of the soil's fertility *at the time Lebahn took possession*, a reasonable factfinder could not

determine that he breached the agreement in the manner alleged by plaintiffs. Therefore, the circuit court properly granted summary judgment to Lebahn. See *Volpe v. IKO Industries, Ltd.*, 327 Ill. App. 3d 567, 577-78 (2002) (summary judgment is proper when the plaintiff cannot establish an essential element of the cause of action).

¶ 14　　Alternatively, plaintiffs argue that we should remand to the circuit court and allow them to amend their complaint to state Lebahn also breached the contract by failing to conduct regular soil testing. This theory of breach was not contained in plaintiffs' amended complaint, and plaintiffs did not ask the circuit court for leave to amend their complaint to include this claim. Their request for leave to amend their complaint, raised for the first time in this court, has no merit. See *Caulkins*, 2023 IL 129453, ¶¶ 36, 41; *Matanky Realty Group, Inc. v. Katris*, 367 Ill. App.3d 839, 844 (2006) (rejecting as without merit a request for leave to amend made for the first time on appeal). Simply put, we fail to see how the circuit court could have abused its discretion when plaintiffs never asked the court to exercise its discretion. *Matanky*, 367 Ill. App. 3d at 844.

¶ 15　　In sum, plaintiffs failed to produce any evidence from which the factfinder could find Lebahn breached the agreement under the sole theory alleged in their amended complaint. Plaintiffs' belated request to plead a new theory is not well taken. Accordingly, we affirm the grant of summary judgment in Lebahn's favor.

¶ 16　　　　　　　　　　　　　III. CONCLUSION

¶ 17　　For the reasons stated, we affirm the judgment of the circuit court of Bureau County.

¶ 18　　Affirmed.